RICHMOND FOOD STORES, INC. v. G. A. JONES, JR., COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA

No. 7410SC391

(Filed 3 July 1974)

Taxation §§ 9, 31— soft drink tax — discrimination against nonresident distributors — burden on interstate commerce

      Provisions of G.S. 105-113.56A in effect requiring nonresident distributors of bottled soft drinks to attach a taxpaid crown or stamp to each container while permitting resident distributors to pay soft drink taxes on a monthly basis and requiring a nonresident distributor to pay a tax of one cent on each bottle while requiring resident distributors to pay only one-half cent for each bottle on the first two million one hundred and sixty thousand bottles sold annually constitute a discriminatory and undue burden on interstate commerce in violation of Article I, § 8 of the U. S. Constitution.

APPEAL by defendant from *Hobgood, Judge,* 11 December 1973 Session of Superior Court held in WAKE County.

Plaintiff seeks to recover certain taxes which it had paid under protest, contending that their levy constituted a discriminatory and undue burden on interstate commerce in violation of Article I, Section 8 of the Constitution of the United States.

The taxes were collected under G.S. 105-113.45, which, among other things, levies a one cent tax on each bottled soft drink distributed in the State. Payment of the tax is required under G.S. 105-113.51 to be evidenced by the affixing of tax paid crowns or stamps.

Plaintiff is a nonresident distributor and does not have a commercial domicile in the State. Plaintiff distributes bottled soft drinks in this State.

G.S. 105-113.56A, in pertinent part, is as follows:

"Alternate method of payment of tax.—Instead of paying the tax levied in this Article in the manner otherwise provided, any resident distributor or wholesale dealer, and any distributor or wholesale dealer having a commercial domicile in this State may pay the tax in the following manner, with respect to bottled soft drinks:

Beginning with sales made on and after October 1, 1969, of bottled soft drinks subject to the tax, sales reports shall be made to the Commissioner on or before the fifteenth day of each succeeding month, accompanied by payment of the tax due, determined as follows: For the first fifteen thousand gross of bottled soft drinks sold annually, seventy-two cents (72¢) per gross; for all in excess of fifteen thousand gross, one cent (1¢) per bottle. In addition, there shall be allowed a discount of eight percent (8%) of the said tax to be remitted."

Plaintiff alleged that the higher tax rate thus placed on it, as a nonresident distributor without a commercial domicile within the State, is an undue and discriminatory burden upon interstate commerce.

Under G.S. 105-113.56A, resident distributors pay the tax due on a monthly report basis and are not required to affix crowns or stamps to the containers. As a nonresident, plaintiff is required to purchase and affix tax paid stamps or crowns to each soft drink container within twenty-four hours of its receipt into the State. Plaintiff alleged and offered evidence tending to show that this method was expensive, time consuming and otherwise burdensome.

The case was heard by the judge without a jury. In pertinent part, Judge Hobgood concluded and ordered as follows:

"That G.S. § 105-113.56A as applied to out-of-state distributors is violative of Article I, Section 8, Clause 3 (the Commerce Clause) of the United States Constitution in that it is an unreasonable burden on interstate commerce.

Now, Therefore, it is Hereby Ordered, Adjudged and Decreed that:

1. In respect to G.S. § 105-113.56A the word 'resident' and the clause 'and any distributor or wholesale dealer

having a commercial domicile in this state' have caused the above statute to be violative of Article I, Section 8, Clause 3 of the Constitution of the United States; it is therefore declared that these words are null and void and are of no effect whatsoever.

2. The plaintiff be permitted to pay all taxes due on bottled soft drinks under the 'Soft Drink Tax Act' under the alternate method as provided in G.S. § 105-113.56A.

3. The plaintiff have and recover from the defendant the amount of $6,764.06, that being the amount of taxes, penalty and interest paid by the plaintiff 'under protest' to the defendant since June 9, 1972."

Defendant appealed.

*Blanchard, Tucker, Denson & Cline by Charles F. Blanchard and Charles A. Parlato for plaintiff appellee.*

*Attorney General Robert Morgan by George W. Boylan, Assistant Attorney General, for defendant appellant.*

VAUGHN, Judge.

We limit our consideration to the Federal constitutional question decided at trial.

In Section 3 of Chapter 1075 of the Session Laws of 1969, the General Assembly enacted the "Soft Drink Tax Act." The Act was ratified on 27 June 1969. G.S. 105-113.45, a part of that Act, among other things, levies a soft drink excise tax at the rate of one cent on each bottled drink. G.S. 105-113.51, also part of the Act, requires that the payment of the tax be evidenced by the affixing of tax paid stamps or crowns to each container.

On 2 July 1969, the General Assembly ratified Senate Bill 886 (Chapter 1251 of the Session Laws of 1969) entitled "AN ACT TO PROVIDE AN ALTERNATE METHOD OF REMITTING TAXES UPON BOTTLED SOFT DRINKS AND TO PROVIDE FOR PAYMENT OF SUCH TAXES WITH RESPECT TO OCTOBER 1, 1969, INVENTORY." That Act is codified as G.S. 105-113.56A which we have, in pertinent part, set out in the statement of facts. In summary, the results of this Act are as follows:

(1) Resident distributors remit the taxes due monthly whereas nonresident distributors must physically attach a tax

paid crown or stamp to each container. It is clear that the method of payment required of nonresident distributors is considerably more expensive and burdensome than the method allowed residents. We see no distinction in the relative status, position or class of plaintiff from resident distributors that can justify the difference in the method of paying the tax.

(2) Resident distributors pay a tax at the rate of one-half cent for each bottle on the first two million one hundred and sixty thousand bottles sold annually. Plaintiff, a nonresident distributor, must pay twice as much tax, one cent on each bottle, on the same volume. This rate differential is clearly arbitrary and discriminatory.

We do not reach the question of whether, under proper attack, G.S. 105-113.56A could fail in its entirety as an unconstitutional exemption from the Soft Drink Tax Act in favor of a special class, resident distributors.

We hold that G.S. 105-113.56A, as written and applied to this plaintiff, violates Article I, Section 8 of the Constitution of the United States. The express provision in G.S. 105-113.56A that the Act applies to any "resident" distributor or wholesale dealer and to any distributor or wholesale dealer "having a commercial domicile in this State" constitutes an implicit provision that it shall not apply to any "nonresident" distributor or wholesale dealer or to any distributor or wholesale dealer "not having a commercial domicile in this State." The implied exclusion of nonresident distributors from the act has the same effect as if were boldly stated in express terms and is equally noxious to the Constitution of the United States. It is void.

The judgment from which defendant appealed is affirmed.

Affirmed.

Judges PARKER and CARSON concur.