21743

SHASTA BEVERAGES (A DIVISION OF CONSOLIDATED FOODS CORPORATION) (and six other appellants in six separate cases identical to its case, namely Welch Foods, Inc., Specialized Beverages, Inc., Deep South Products, Inc., Tropicana Products, Inc., Royal Crown Cola Company of Columbus, Georgia, and A. M. Braswell, Jr. Food Co., Inc.), Appellants, v. SOUTH CAROLINA TAX COMMISSION, Respondent.

(293 S. E. (2d) 429)

*Wesley M. Walker* and *Jack H. Tedards, Jr., of Leather-wood, Walker, Todd & Mann,* Greenville, *for appellants.*

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Staff Atty. Ronald W. Urban,* Columbia, *for respondent.*

*Barry L. Johnson* and *H. Grady Brown, of Dowling, Sanders, Dukes, Novit & Svalina,* Beaufort, *for Edward E. Rentz, amicus curiae.*

LEWIS, Chief Judge.

The seven plaintiffs (appellants) in these cases manufacture or bottle soft drinks outside of the State of South Carolina and ship their products in interstate commerce to customers located in South Carolina. Appellants paid the soft drinks tax required by the statutes of this State (Code Section 12-21-1710 et seq.) and, after denial of their requests for refunds of a portion of the taxes paid, brought separate actions under Code Section 12-47-440 to recover the refunds claimed. The refunds were sought on the alleged ground that the assessment of the soft drinks tax on appellants' products imposed, in certain particulars, unconstitutional discriminatory burdens upon interstate commerce.

Respondent interposed a demurrer to the complaint in each case, which was sustained. Since the issues are identical, the appeals from the orders sustaining the demurrers have been consolidated for consideration by this Court. We conclude that the trial judge erred in sustaining the demurrers to the respective complaints; we accordingly reverse and remand for a trial upon the merits.

The question to be decided is whether the complaints allege a cause of action for the recovery of the soft drinks tax claimed to have been illegally imposed.

A brief survey of the main statutory provisions involved and the issues raised about them will eliminate much of the difficulty in determining the sufficiency of the complaints against demurrer.

Soft drinks are taxed in this State under Article 13, Chapter 21, Title 12 of the South Carolina Code of Laws, 1976 (Section 12-21-1710 et seq.). The law provides optional methods for evidencing the payment of the tax; bottles or containers may be individually stamped or suitably marked crowns (lids) may be purchased and used instead of stamps. See Code Section 12-21-1980 et seq. Where crowns are used, the tax is taken out of the price charged by the crown or lid manufacturer. Code Sections 12-21-2020 and 12-21-2030.

The Soft Drink Tax statute would appear at first glance to impose no liability upon an out-of-State bottler. Section 12-21-1730 states that the tax is imposed upon "every person doing domestic or intrastate business within this State" as the condition of "the privilege of carrying on such business." More specific in regard to this case is the language of Section 12-21-1960: (Emphasis added.)

> In the case of bottled drinks shipped into the State from a point outside of the State such stamps or crowns shall be affixed by the person first receiving them whether such person be a wholesaler, jobber, distributor or retailer of such products.

It is argued that this statute contemplates payment of the tax by persons within this State, either resident bottlers or commercial recipients of products from outside. Upon this language, the trial court rested the determination that appellants were subject to no taxation and had no cause of action against the respondent; therefore, the demurrer was sustained.

Questions arise, however, when one examines the provisions for actual payment of the tax. As indicated above, there is a choice between stamps and crowns, which is offered to bottlers "either within or without the State." Code Section 12-21-1980. A bottler outside South Carolina who chooses to employ the use of crowns will in fact be paying the tax directly at the moment he purchases the crowns. Clearly, nothing in

the statute *requires* a bottler to do so; he may simply ship his goods to South Carolina and allow the distributor to apply stamps to the individual bottles or cans. A South Carolina distributor cannot purchase and apply the crowns or lids, because of respondent's Regulation 117-42 and a policy of the resondent to sell crowns and lids only to actual bottlers.

Bottlers who choose to use crowns are granted certain discounts for the first thirty thousand gross per year. Code Section 12-21-2030. In 1971, the General Assembly adopted a requirement that to receive this discount bottlers must market their goods on "leased or owned soft drink trucks" and "in the normally accepted store-door delivery method within the State." 1971 Act 410, pt. II Section 18, Codified as Code Section 12-21-2050. Appellants contend that this provision describes resident bottlers to the exclusion of themselves and thus discriminates against interstate commerce. Hence, they attack Code Section 12-21-2050 as a violation of the United States Constitution in that it deprives them of the discount afforded South Carolina bottlers.

In 1975, the General Assembly extended a further break to bottlers by means of a new tax reporting system. Crowns, lids and stamps can be completely disregarded and manufacturers can now simply post bond and submit reports annually. 1975 Act No. 176, Codified as Code Section 12-21-2120. The benefit is expressly limited to bottlers qualifying under the terms of Code Section 12-21-2050, with the exception that manufacturers who fail to meet those qualifications can still use this reporting method if their plants are located in this State. Again, appellants claim a clear discrimination against interstate commerce.

The complaints attempt to set forth three separate causes of action: (1) discrimination under Code Section 12-21-2050; (2) discrimination under Code Section 12-21-2120; and (3) violations of the Administrative Procedures Act.

The First Cause of Action alleges that appellants paid excessive taxes because they were denied discounts under Code Section 12-21-2030 by reason of the application of the discriminatory provisions of Code Section 12-21-2050. Further, they allege application for refund, specifying the years, and denial of same by respondent.

The Second Cause of Action alleges discriminatory denial of the opportunity to use the reporting method provided by Code Section 12-21-2120.

The Third Cause of Action, in effect, alleges further exceptions to the action taken by respondent in its decision denying relief to appellants.

The demurrers to all causes of action are based upon the ground that the complaint fails to state facts sufficient to constitute grounds for the relief sought, in that the levy of the soft drink taxes does not impose a burden on interstate commerce. The right of appellants to relief under any of the causes of action is not challenged on any other ground. Therefore, if the complaint states facts sufficient to raise an issue as to the constitutionality of the statutes in question, the demurrer must be overruled.

We conclude that the allegations of the complaint raise justiciable issues concerning the illegal effect of the statutes on interstate commerce, and that the trial judge was in error in sustaining the demurrer. See: *Furman University v. Livingston*, 244 S. C. 200, 136 S. E. (2d) 254 and *Edisto Fleets, Inc. v. South Carolina Tax Commission*, 256 S. C. 350, 182 S. E. (2d) 713.

In the *Edisto Fleets* and *Furman University* cases, the court was concerned wi h whether the plaintiff's had "a financial interest in taxes alleged to have been erroneously collected" and whether the plaintiff fitted the statutory definition of "taxpayer." Certainly appellants have a financial interest in the taxes in question. Although appellants are not doing business in this State and, therefore, do not fit the statutory definition of "taxpayer" (Section 12-21-1730 cited above), it appears from the record that the distributor for out-of-state bottlers is not allowed to pay the tax, rendering it impossible for the out-of-state bottler to ship its product into the State unless it purchases the stamps or crowns and affixes them before the shipment to its South Carolina distributor. Whether the failure to grant the discounts in the purchase of crowns or stamps to the out-of-state bottler imposes an unlawful burden on interstate commerce is a question in which appellants, under the present record, have an interest.

In the light of the foregoing, the demurrer was improperly sustained.

The judgment is accordingly reversed and the case remained for trial.

LITTLEJOHN, NESS, GREGORY, and HARWELL, JJ., concur.