### 17837

Archie C. WATSON, G. P. Monroe, Jr., and Odis L. Harmon for the benefit of themselves and other similarly situated Taxpayers of Richland and Lexington Counties and of the City of Columbia, Appellants, v. Robert F. PULLIAM, Robert R. Rigby, Jr., Guy F. Lipscombe, J. B. Caughman, Forest K. Abbott and Clarence M. Compton, individually and as Commissioners of the Richland-Lexington Airport District, a Body Politic and Corporate, and Daniel R. McLeod, Attorney General of South Carolina, Respondents.

(121 S. E. (2d) 910)

*Messrs. T. C. Callison,* of Lexington, and *McLeod & Singletary,* of Columbia, *for Appellants,*

188

*Messrs. Eugene F. Roberts,* of Columbia, and *Sinkler, Gibbs & Simons,* of Charleston, *for Respondents,*

September 20, 1961.

OXNER, Justice.

A declaration is sought in this action as to the constitutionality of two acts of the General Assembly passed at the 1961 session. The first is Act No. 66, 52 St. at Large 53, entitled "An Act To Create The Richland-Lexington Airport District; etc.", which will be hereinafter referred to as the "District Act." The second is Act No. 114, 52 St. at Large 119, entitled "An Act To Authorize And Direct The County Of Richland, The County Of Lexington, And The City Of Columbia To Make, Execute And Deliver A Contract Binding Each Of Them To Provide Equally An Annual Appropriation Sufficient To Pay The Annual Operating Deficit, If Any, Of The Richland-Lexington Airport Commission." The latter Act will be hereinafter referred to as the "Operating Deficit Act."

The District Act creates a political subdivision to be known as the "Richland-Lexington Airport District", extending over the entire area embraced by the counties of Richland and Lexington, for the purpose of establishing and maintaining an airport to serve the people of the District and the public generally. Included in this area is the City of Columbia, the county seat of Richland County and the State's largest municipality. The General Assembly found as a fact that the City of Columbia, the County of Richland and the County of Lexington would each derive special benefit from such an airport and should contribute annually to the basic

cost of establishing same. The corporate powers and duties of the District are to be exercised by a commission of six members appointed by the Governor. Two of them are to be appointed on the recommendation of the Lexington County Legislative Delegation, two on the recommendation of the Richland County Legislative Delegation and the remaining two on the recommendation of the City Council of Columbia.

For the purpose of defraying the cost of constructing and equipping such airport, the Commission is authorized to issue general obligation bonds of the District in an amount not exceeding $2,700,000.00. The Commission is further authorized to issue bonds, notes or other evidence of indebtedness payable solely from the revenue derived from any facilities in its charge for the purpose of paying operation and maintenance costs and extending and improving the airport. The full faith, credit and resources of the District are to be irrevocably pledged for the payment of the principal and interest on the general obligation bonds, and the taxing authorities are required to levy annually on all property in the District an *ad valorem* tax sufficient to discharge the principal and interest requirements. However, in determining each year the levy necessary for this purpose the taxing authorities are first required to apply to the discharge of the principal and interest on said bonds (1) any surplus revenue from the operation of the airport facilities after paying operation and maintenance costs and the amount necessary to discharge the covenants contained in the revenue bonds issued by the Commission, and (2) the amounts paid by the counties of Richland and Lexington and the City of Columbia under the terms of Section 6, which is in part as follows:

"Following any sale of general obligation bonds by the district, and prior to the actual delivery of any general obligation bonds of the airport district, Richland County, Lexington County, and the City of Columbia shall each make, execute and deliver to the State Treasurer for the airport

district its respective note, by which each of Richland County, Lexington County, and the City of Columbia shall become obligated to pay to the airport district a sum equal to one-third of the aggregate principal amount of general obligation bonds then to be issued by the airport district. Such notes shall be payable in instalments equal to one-third of the instalment of the bonds to be issued by the district, and shall bear interest at the same rate as shall be borne by the general obligation bonds of the airport district. * * * The notes of Richland County, Lexington County, and the City of Columbia shall constitute special obligations, and be payable from, and be a fixed charge upon the monies to be received by Richland County, Lexington County, and the City of Columbia from the annual distributions made by the State of South Carolina to counties and municipalities from its receipts from the taxes levied by the State of South Carolina on alcoholic beverages, beer and wine, and on personal and corporate incomes."

Section 10 reads:

"So long as the district shall be indebted to any person, firm or corporation on any bonds, notes, or other obligations issued pursuant to the authority of this act, provisions of this act and the powers granted to the district and the commission shall not be in any way diminished and the provisions of this act shall be deemed a part of the contract between the district and the holders of such obligations."

The Operating Deficit Act supplements the District Act. There is a preamble reciting that the Commission may from time to time have a deficit in its operation. Section 1 directs the governing bodies of Richland and Lexington Counties and the City of Columbia to enter into a contract, each with the other, agreeing to pay to the Commission, in equal amounts, the funds necessary to meet any annual operating deficit, or "to provide for the Commission sufficient funds to prevent any such deficit from arising by annual equal payments to the Commission's anticipated budget." Section 2

directs that "There shall be provided in the annual act levying taxes for county purposes by Richland County and Lexington County, and in the annual ordinance of the City of Columbia levying taxes for municipal purposes, appropriations sufficient to carry out the provisions of Section 1 of this act." It is then provided in this section that if either of the political units mentioned should fail to enter into the contract as directed by Section 1, or after having entered into such contract, should fail to provide its one-third share of the operating deficit, "The Comptroller General of the State of South Carolina is authorized and directed to withhold from the monies to be received by the City of Columbia, the County of Richland or the County of Lexington, as the case may be, from the annual distribution made by the State of South Carolina to counties and municipalities from its receipts from the taxes levied by the State of South Carolina on alcoholic beverages, beer and wine, and on personal and corporate income an amount sufficient to pay such share or shares of the operating deficit."

The constitutionality of each act is challenged on numerous grounds. The Circuit Judge upheld the validity of the District Act in every respect. He concluded that the provision of the Operating Deficit Act under which each of the three political units must obligate itself to annually levy sufficient taxes to meet its pro rata part of any operating deficit was unconstitutional but sustained the remaining portions of the Operating Deficit Act, stating that the unconstitutional part was separable from the rest.

· The District Act involves quite a departure from the scheme of financing a comparable facility recently upheld by this Court in *Berry v. Milliken,* 234 S. C. 518, 109 S. E. (2d) 354, and to which decision we adhere. There the establishment of the Greenville-Spartanburg Airport was financed through the issuance of general obligation bonds payable from *ad valorem* taxes levied uniformly throughout the District. While the Commission under the District Act here

is authorized to issue general obligation bonds to defray the cost of constructing and equipping this airport and to levy a uniform tax throughout the District to meet the principal and interest requirements, the Act clearly contemplates that the necessary funds for this purpose will be furnished by the three governmental units through the use of their share of the annual distributions made by the State to counties and municipalities from receipts from certain taxes. If the State continues its present policy of making such distributions, it is rather unlikely that there will ever be any *ad valorem* tax imposed by the District itself.

We do not think the scheme of the Act can be properly classified as a joint venture voluntarily entered into by two or more political subdivisions, for it is quite clear that under the terms of the Act it is mandatory upon Richland County, Lexington County and the City of Columbia to enter into this undertaking. In *Cothran v. Mallory*, 211 S. C. 387, 45 S. E. (2d) 599, we sustained legislation permitting Spartanburg County and the City of Spartanburg to enter into a joint venture for the erection of a public auditorium under which each of these political units was to pay one-half the cost of erecting same. Under that Act the people of the City of Spartanburg had the right to determine in an election whether bonds should be issued for the payment of its part. Other similar cooperative ventures have been sustained by this Court. But here the governing body of the City of Columbia is given no voice whatsoever in determining whether that governmental entity shall enter into this venture. Following the sale of any general obligations by the District, the City of Columbia, as well as each of the other political units, is required to execute and deliver a note for a sum equal to one-third of the aggregate principal amount of such general obligations, to the payment of which there must be pledged its share of the annual distributions made by the State.

The mandatory features of the District Act are also incorporated into the Operating Deficit Act. As heretofore

noted, the Court below held, and properly so, that to require the City of Columbia to enter into a contract by which it would be bound to levy annually an *ad valorem* tax sufficient to take care of its part of the operating deficit is no different in principle from a requirement to levy an annual tax to discharge bonded indebtedness, thereby rendering the provision unconstitutional for failure to comply with Article 2, Section 13 and Article 8, Section 7. The Court below further held that the invalidity of this requirement as to the City of Columbia is inseparable from the requirement as to the two counties involved and, therefore, the whole provision regarding the annual levy of taxes is unconstitutional. However, after this is eliminated, there still remains the mandatory provision that if either of the three units should fail to provide its part of the operating deficit, the Comptroller General shall withhold an amount sufficient for this purpose from such unit's share of the State distribution. It, therefore, unmistakably appears that the governing body of the City of Columbia has no discretion as to whether it shall contribute to any deficit arising from the operation of this airport. Such contribution is made mandatory through the direction to the Comptroller General as to withholding funds.

While the General Assembly has plenary power with respect to the governmental affairs of counties, Article 8, Section 1 of the Constitution prohibits it from depriving one municipality of powers accorded other municipalities of the same class or from imposing restrictions upon one municipality which are not imposed upon other municipal corporations of the same class. The mandatory provisions of both Acts so far as they relate to the City of Columbia clearly violate this constitutional provision. The City of Columbia is required to enter into a joint venture for the establishment of an airport, while under the general law all other municipalities of the same class are given freedom of choice as to whether they shall do so. The City of Columbia is required to pay one-third of the cost of the construction of this airport and one-third of any operating deficit from its share

of the distribution of State taxes, while under the general law all other municipalities of the same class may use funds from this source for any purpose they see fit. Our conclusion that this feature of the Act contravenes Section 1 of Article 8 of the Constitution is fully sustained by the recent case of *Sossamon v. Greater Gaffney Metropolitan Utilities Area,* 236 S. C. 173, 113 S. E. (2d) 534.

The whole scheme of the Act contemplates that each of the three units involved shall equally bear the cost of the construction of the airport and one-third of the amount of any deficit arising from its operation. Since we have concluded that the requirement as to the City of Columbia is invalid, it necessarily follows that both Acts must be declared unconstitutional.

Numerous other constitutional questions are raised but in view of the above conclusions, we shall not undertake to pass upon them. This is in line with the accepted judicial practice of not passing upon a constitutional question unless it is imperative to the disposition of the litigation. We may add, however, that under the plan of financing embodied in this Act, which is of a sort not heretofore passed upon by this Court, there is presented a serious question by appellant's claim that the Legislature has sought here to do by indirection that which it is prohibited from doing by Section 1, Article 10 of the Constitution, requiring that taxation be equal and uniform throughout the area taxed.

Both of the Acts under consideration are adjudged to be invalid and the order of the Circuit Court is reversed.

TAYLOR, C. J., and LEGGE, MOSS and LEWIS, JJ., concur.

LEGGE, Justice (concurring).

In addition to being invalid for the reasons stated in the opinion by Mr. Justice OXNER, the District Act violates the fifteen (15%) per cent over-all debt limitation prescribed by Section 5 of Article X of the Constitution of 1895. The circuit decree expressly finds, and counsel for both sides

concede, that issuance of all of the general obligation bonds authorized by the Act would create in some of the territory of the District a bonded debt in excess of that limit.

The circuit decree holds, in effect, and respondents argue, that *Berry v. Milliken,* 234 S. C. 518, 109 S. E. (2d) 354, 360, completed the repeal of this constitutional limitation so far as special districts such as this one are concerned. As pointed out in the dissent in that case, the limitation is expressly applicable to "any territory of this State." Repeal of its plain mandate may be desirable; if so, it should be accomplished in the manner provided in Article XVI of the Constitution. Economic expediency, fancied or real, cannot justify its abrogation through a process of judicial erosion.