20076

Harry L. BOOTH et al., Respondents, v. Robert M. GRISSOM, Treasurer and Tax Collector of Horry County, et al., Appellants.

(217 S. E. (2d) 223)

*Messrs. Sinkler Gibbs Simons & Guerard,* of Charleston, and *Thompson & Henry,* of Conway, *for Appellants.*

*Messrs. Belser, Baker, Belser, Barwick & Toal,* of Columbia, *for Respondents.*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *C. Tolbert Goolsby, Dep. Atty. Gen.,* of Columbia, *Amicus Curiae.*

August 6, 1975.

*Per Curiam:*

The four respondents in this proceeding are residents of Horry County. Action was brought by them against the County Treasurer, County Auditor and the members of the County Board of Commissioners of Horry County attacking, on constitutional grounds, portions of the 1974-1975 County Supply Bill for Horry County, Act No. 1432 of the 1974 Acts of the General Assembly. They did not, by their pleadings, raise the only issue involved in this appeal, to wit: whether or not the General Assembly may any longer constitutionally impose a county-wide *ad valorem* tax for the operation of the government of a particular county.

The defendants-appellants in their pleadings sought to raise a justiciable issue by alleging, *inter alia,* that "unless otherwise instructed by this Court, the Board of Commissioners of Horry County proposes to undertake to prepare a budget for governmental operations in Horry County for the 1975-1976 fiscal year and to impose an adequate county-wide millage upon all taxable property in Horry County."

The lower court granted the respondents substantially all the relief they sought. Additionally, it held the Supply Bill, including the imposition of a county-wide tax for support of the county government, to be unconstitutional, in violation of Article 8, section 7 and Article 3, section 34(9), but held that such ruling should have prospective effect only, and that all taxes assessed and levied pursuant to the Supply Bill were valid. The defendant-officials have appealed challenging only the holding of the lower court that the legislature no longer has the power to levy a county-wide tax for the support of the government of a particular county.

The appeal presents no issue for this Court, which is properly before us for decision for two reasons. Under the principles set forth in *Chesterfield County v. State Highway Department,* 191 S. C. 19, 3 S. E. (2d)

686, the precise issue decided by the court below and argued here was not properly before the lower court, not having been raised by a party who had any standing to raise the same. In the second place, there is in this controversy presently no issue as to the validity of the taxes assessed, levied and collected under the 1974-1975 Supply Bill and, moreover, such tax levy was temporarily imposed for a fiscal year which is now ended. It follows that any question as to the authority of the General Assembly to impose such has now become moot. *Kirkland v. Aiken County Board of Education,* 227 S. C. 268, 87 S. E. (2d) 680 (1955). Code section 14-19 is here inapplicable since a Supply Bill for Horry County for the year 1975-1976 has now been enacted. (R455, H3107).

It is elementary that the courts of this State have no jurisdiction to issue advisory opinions. The appeal is accordingly,

Dismissed.