## 23379

BUSINESS LICENSE OPPOSITION COMMITTEE; The Rental Center, Inc.; Town and Country Mobile Home Sales of Sumter, Inc.; Ronald D'Anella; Harkins Moving and Storage Inc.; Power-Clean Systems, Inc., Appellants v. SUMTER COUNTY, a body politic and corporate; Ruben L. Gray, Joseph B. Davis, Jr., Edgar M. Everett, Charles E. Fienning, Lewis Fleming, Turner A. Green, and Reverend O.S. Scott, Sr., in their official capacities as members of Sumter County Council; Margaret K. Davis and W. Avery Frick, in their official capacities as Treasurer and Acting County Administrator respectively, Respondents.

(403 S.E. (2d) 638)

Supreme Court

*Belton T. Zeigler* of *Lewis, Babcock, Pleicones & Hawkins,* Columbia, *for appellants.*

*Henry B. Richardson,* Sumter and *Roy D. Bates,* Columbia, *for respondents.*

Heard Feb. 20, 1991.

Decided April 8, 1991.

GREGORY, Chief Justice:

Appellants commenced this suit challenging the validity of a business license tax ordinance adopted by Sumter County Council. The trial judge dismissed the complaint for failure to state facts sufficient to constitute a cause of action under Rule 12(b)(6), SCRCP. We affirm in part and reverse in part.

Appellants' complaint alleges the following facts. On June 27, 1989, County Council adopted a budget for fiscal year 1989-90.[1] The budget provided for $300,000 in revenue from a business license tax. No ordinance imposing such a tax was enacted until six months later. Appellants allege the business license tax that was finally enacted resulted in greater tax receipts than the $300,000 specified in the 1989-90 budget, thereby creating a $500,000 budget surplus.

First, appellants contend the business license tax ordinance violates S.C. Const. art. X, § 7(b), and S.C. Code Ann. § 4-9-140 (1986) because it was not enacted simultaneously with adoption of the county budget.

Article X, § 7(b), provides:

---

[1] The fiscal year is July 1 to June 30.

> Each political subdivision . . . shall prepare and maintain annual budgets which provide for sufficient income to meet its estimated expenses for each year.

S.C. Code Ann. § 4-9-140 provides in pertinent part:

> County Council shall adopt . . . operating and capital budgets . . . and shall in such budgets identify the sources of anticipated revenue including taxes necessary to meet the financial requirements of the budget adopted. Council shall further provide for the levy and collection of taxes necessary to meet all budget requirements except as provided for by other revenue sources.

The trial judge ruled these provisions do not require concurrent adoption of a budget and all revenue-producing ordinances. In our opinion, these provisions clearly require the adoption of a budget based upon existing or concurrently levied tax revenue. Appellants, however, do not challenge the adoption of the budget but rather seek invalidation of the subsequently enacted tax. We find no merit in this argument as a basis of challenging the tax ordinance.

Appellants also argue article X, §§ 7(b) and 5, when read together, prohibit the county's enactment of a tax resulting in revenue exceeding its budgetary needs. Section 5 of article X requires that all taxes must be levied for a valid and distinctly stated public purpose. Appellants argue the funding of a budget surplus is not a valid public purpose.

Where a surplus remains after the accomplishment of the purpose for which a tax was levied, the surplus may be constitutionally diverted to another cause for which the tax could have originally been used. *Parker v. Bates*, 216 S.C. 52, 56 S.E. (2d) 723 (1949). The fact that the levying of a tax results in a budget surplus does not of itself render the tax invalid under article X, § 5. To establish such a constitutional violation, it must be shown the surplus generated by the tax was diverted to an improper cause. *See State ex rel. Edwards v. Osborne*, 193 S.C. 158, 7 S.E. (2d) 526 (1940). A tax specifically enacted for the valid public purpose

of raising revenue for the support of government, as here, does not violate article X, § 5, if it results in a surplus which is also used for that purpose. *Parker v. Bates, supra.* Appellants have alleged no expenditure of the surplus funds outside the stated purpose in the ordinance to support county government. This cause of action was therefore properly dismissed.

Finally, appellants allege a cause of action for violation of the Freedom of Information Act (FOIA), S.C. Code Ann. §§ 30-4-10 through -110 (1991), based on the following facts set forth in their complaint.

On October 24, 1989, and December 12, 1989, county council held public meetings. The proposed business license tax was given its second and third readings on these respective dates. On each occasion, a majority of members of County Council met in closed meeting prior to the regularly scheduled public meeting. Consequently, the proper procedure was not followed in public meetings in amending the version of the ordinance which was ultimately adopted. Appellants alleged the closed meetings violated the FOIA and requested injunctive relief against further FOIA violations and a declaration the ordinance was void.

The trial judge ruled that no action was necessary on this cause of action because the county attorney had advised him corrective measures had already been taken by County Council to avoid future FOIA violations. We reverse dismissal of the FOIA cause of action. Appellants are entitled to litigate the nature and effect of the violation and the appropriate relief, if any, to be awarded under S.C. Code Ann. § 30-4-100(a) (1991).

We dispose of appellants' remaining exceptions under Supreme Court Rule 23. *See United States Fidelity & Guaranty Co. v. City of Newberry*, 253 S.C. 197, 169 S.E. (2d) 599 (1969) (equal protection). Accordingly, the judgment of the circuit court is

Affirmed in part; reversed in part.

HARWELL, CHANDLER and TOAL, JJ., and CURTIS G. SHAW, Acting Associate Justice, concur.