484 S.E.2d 104

**TOWN OF HILTON HEAD ISLAND, Town of Kiawah Island, City of Charleston, County of Georgetown, and J. Jervey Lockwood, Appellants,**

v.

**Earle E. MORRIS, Jr., in his capacity as Comptroller General of the State of South Carolina, Richard C. Eckstrom in his capacity as Treasurer of the State of South Carolina, David M. Beasley in his capacity as Governor of the State of South Carolina, and the State of South Carolina, Respondents.**

No. 24575.

Supreme Court of South Carolina.

Heard Dec. 4, 1996.
Filed Feb. 10, 1997.
Refiled April 7, 1997.

Corporation Counsel William B. Regan, Assistant Corporation Counsel Frances I. Cantwell, and Dennis J. Rhoad, Charleston; Curtis L. Coltrane, Hilton Head Island; and Jack M. Scoville, Georgetown, for appellants.

Attorney General Charles Molony Condon, Deputy Attorney General Treva G. Ashworth, and Assistant Deputy Attorney General J. Emory Smith, Jr., Columbia, for respondents.

## ORDER

The petition for rehearing is denied. The original opinion filed as Op. No. 24575 on February 10, 1997, is hereby withdrawn and the following substituted therefor. The only

change is the amendment of the first two paragraphs under section (4) of the original opinion.

/s/ Ernest A. Finney Jr. C.J.

/s/ Jean H. Toal A.J.

/s/ James E. Moore A.J.

/s/ John H. Waller, Jr. A.J.

/s/ E.C. Burnett III A.J.

MOORE, Justice:

Appellants commenced this action challenging the constitutionality of S.C.Code Ann. § 6–1–70 (Supp.1995) which requires real estate transfer fees collected by local government to be remitted to the State. The trial judge found the statute constitutional. We affirm.

## ISSUES

1) Does § 6–1–70 violate Home Rule?

2) Does it violate Article III, § 17?

3) Does it unconstitutionally change the purpose for which the fees were imposed?

4) Does it violate Article X?

5) Does it violate equal protection?

## DISCUSSION

Section 6–1–70 provides:

The governing body of each county and municipality which enacts and collects any fee which is charged on the transfer of real estate shall, not later than ten days after the close of a fiscal year quarter, remit to the State Treasurer an amount equal to the amount of real estate transfer fees collected in the previous fiscal year quarter. The county or municipality may voluntarily elect to have the State Treasurer or Comptroller General, as appropriate, deduct the amount required to be remitted from any distributions authorized to be made to the county or municipality under Aid to Subdivisions.[1]

---

1. The State Aid to Subdivisions Act is codified at S.C.Code Ann. §§ 6–27–10 through –50 (Supp.1995).

This statute became effective July 1, 1994, but its enforcement is suspended through January 1, 1997, for real estate transfer fees imposed on or before August 1, 1993. 1994 S.C.Act No. 497, Part II, § 132B.

### 1) Home Rule

■ Appellants contend § 6–1–70 violates article VIII, § 17, part of the Home Rule Amendment of our State constitution. They argue since *Williams v. Town of Hilton Head,* 311 S.C. 417, 429 S.E.2d 802 (1993), held a real estate transfer fee was within a local government's general statutory authority, § 6–1–70 violates Home Rule by limiting the imposition of such a fee.

This argument is without merit. Under Home Rule, the General Assembly is charged with passing general laws regarding the powers of local government. S.C. Const. art. VIII, § 7 (counties); § 9 (municipalities). The authority of a local government is subject to the general laws passed by the General Assembly. *See* S.C.Code Ann. § 5–7–30 (municipalities); § 4–9–30 (counties) (Supp.1995). The General Assembly can therefore pass legislation specifically limiting the authority of local government. In this case, although § 6–1–70 does not prohibit the imposition of real estate transfer fees, it prohibits local governments from retaining the revenue generated by them. This limitation on revenue-raising does not violate article VIII, § 17, since the General Assembly is constitutionally empowered to determine the parameters of local government authority.

■ Appellants also argue § 6–1–70 violates article VIII because it applies only to local governments that impose a real estate transfer fee and therefore it is not a general law. A general law is one that applies to the entire State and operates wherever the specified conduct takes place. *Owens v. Smith,* 216 S.C. 382, 58 S.E.2d 332 (1950). Section 6–1–70 is a general law because it applies to all real estate transfer fees. We find no violation of article VIII.

### 2) Article III, § 17

■ Section 6–1–70 was passed as part of the 1994 Appropriations Act. Appellant contends enactment of this statute as

part of the Act violated article III, § 17, of our State constitution which provides that "[e]very Act or resolution having the force of law shall relate to but one subject and that shall be expressed in the title."

▮ A measure enacted as part of a general appropriations act does not violate article III, § 17, if it reasonably and inherently relates to the raising and spending of tax monies. *Keyserling v. Beasley*, 322 S.C. 83, 470 S.E.2d 100 (1996); *Hercules v. South Carolina Tax Comm'n*, 274 S.C. 137, 262 S.E.2d 45 (1980). Section 6-1-70 is related to the amount of money the State spends on Aid to Subdivisions since it provides a local government may either remit the amount collected from real estate transfer fees or request a reduction in the amount receivable under the Aid to Subdivisions Act. Accordingly, § 6-1-70 reasonably and inherently relates to the raising and spending of tax monies and does not violate article III, § 17.

### 3) Change in purpose for which fees were imposed

Appellants contend the General Assembly cannot constitutionally divert the transfer fees from the purpose for which they were imposed by local government to State use. We disagree. The cases cited by appellants, *Watson v. Pulliam*, 239 S.C. 186, 121 S.E.2d 910 (1961), and *Sossamon v. Greater Gaffney Metro. Utilities*, 236 S.C. 173, 113 S.E.2d 534 (1960), are inapposite. The legislation in those cases created a duty that a local government contribute a certain benefit to another local government. The legislation here creates no such duty. There is no requirement that a local government levy a real estate transfer fee to be remitted to the State. Further, in this case, taxpayers who pay the transfer fee still receive a benefit in return, albeit more indirectly, when it is remitted to the State. This remittance is unlike a forced contribution to another local government.

### 4) Article X

▮ Appellants contend § 6-1-70 violates § 6 of article X of our State constitution which provides that "[p]roperty tax levies shall be uniform" since the State does not control the amount of the transfer fee imposed. A statute levies a tax

when it fixes the amount or rate to be imposed. *Myers v. Patterson,* 315 S.C. 248, 433 S.E.2d 841 (1993). Section 6–1–70 levies no tax and therefore does not violate art. X, § 6.

Appellants contend § 6–1–70 violates § 5 of article X as taxation without representation or, in the alternative, unlawful delegation of the State's taxing power. This argument is without merit. As discussed above, § 6–1–70 does not levy a tax nor does it delegate any taxing power.

■ Appellants contend § 6–1–70 violates § 7 of article X, which requires the General Assembly to provide for a balanced budget, since the State cannot foresee the amount of revenue to be remitted from the transfer fees imposed by local government. This argument is without merit. Article X, § 7, specifically requires that expenditures not *exceed* annual State revenue but does not prohibit a surplus of revenue. There is no evidence the General Assembly has incurred a short-fall from relying on revenue from transfer fees or has used any surplus for an improper purpose. Accordingly, appellants have failed to show a violation of article X, § 7. *See Business License Opposition Committee v. Sumter County,* 304 S.C. 232, 403 S.E.2d 638 (1991) (surplus not unconstitutional if not diverted to improper cause).

### 5) Equal protection

■ Appellants contend § 6–1–70 violates equal protection because it applies only to those local governments that impose real estate transfer fees. Since § 6–1–70 applies to all local governments that are similarly situated, i.e. impose a transfer fee, there is no unconstitutional classification. *Grant v. South Carolina Coastal Council,* 319 S.C. 348, 461 S.E.2d 388 (1995) (in challenging a classification on equal protection grounds, the party challenging it must show that similarly situated persons received disparate treatment).

■ Appellants further complain that local governments which imposed such fees before August 1, 1993, are exempt until January 1, 1997, from the application of § 6–1–70 and that such a classification is arbitrary. This lapse in enforcement allows local governments which have relied on such fees in adopting budgets to phase them out as a source of revenue. Accordingly, this classification is not arbitrary but is reason-

ably related to a proper legislative purpose and therefore does not violate equal protection. *Brown v. County of Horry,* 308 S.C. 180, 417 S.E.2d 565 (1992).

Accordingly, we hold the trial judge did not err in upholding the constitutionality of § 6-1-70.

**AFFIRMED.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.