# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Richland County School District 2 and Malika Stokes, in her individual capacity and on behalf of her children "J.S., J.S., and J.C.", Petitioners,

v.

James H. "Jay" Lucas, Speaker of the South Carolina House of Representatives; Harvey S. Peeler Jr.,  President of the South Carolina Senate; Molly Spearman, Superintendent of Education, Respondents.

Appellate Case No. 2021-000892

———————

## ORIGINAL JURISDICTION

———————

Opinion No. 28063
Heard August 31, 2021 – Filed September 30, 2021

———————

## JUDGMENT DECLARED

———————

Carl L. Solomon, of Solomon Law Group, LLC, of Columbia, and Skyler B. Hutto, of Williams & Williams, of Orangeburg, for Petitioner Richland County School District 2.

W. Allen Nickles III, of Nickles Law Firm, LLC, of Columbia, for Petitioner Malika Stokes.

Susan P. McWilliams, Michael A. Parente, and Emily R. Wayne, all of Nexsen Pruet, LLC, of Columbia, for Respondent James H. "Jay" Lucas.

Kenneth M. Moffitt, Sara S. Parrish, and John P. Hazzard V, all of Columbia, for Respondent Harvey S. Peeler Jr.

Cathy L. Hazelwood and V. Henry Gunter Jr., both of Columbia, for Respondent Molly Spearman.

Attorney General Alan McCrory Wilson, Solicitor General Robert D. Cook, and Deputy Solicitor General J. Emory Smith Jr., all of Columbia, for Amicus Curiae the Attorney General.

---

**PER CURIAM:**   We granted Petitioners' request to hear this declaratory judgment action in our original jurisdiction.  Petitioners ask this Court to declare that Provisos 1.108 and 1.103 of the 2021-2022 Appropriations Act[1] are invalid. We hold the provisos are constitutional, and we reject the remaining challenges to the validity of the provisos.

## I.

Proviso 1.108—enacted into law on June 22, 2021, and directed to the South Carolina Department of Education for South Carolina's kindergarten through 12th grade (K-12) public schools—provides:

> (SDE: Mask Mandate Prohibition) No school district, or any of its schools, may use any funds appropriated or authorized pursuant to this act to require that its students and/or employees wear a facemask at any of its education facilities. This prohibition extends to the announcement or enforcement of any such policy.

Proviso 1.103 states:

> (SDE: Public School Virtual Program Funding)  For Fiscal Year 2021-22, school districts shall be permitted to offer a virtual education program for up to five percent of its student population based on the most recent 135 day ADM [(average daily membership)]count without impacting any state funding.  The Department of Education

---

[1] H. 4100, 124th Leg., 1st Reg. Sess. (S.C. 2021), *available at* https://www.scstatehouse.gov/sess124_2021-2022/appropriations2021/tap1b.htm.

shall establish guidelines for the virtual program and parameters students must meet in order to participate in the virtual program. School districts must submit their plans for the virtual program to the State Board of Education for approval.

. . .

For every student participating in the virtual program above the five percent threshold, the school district will not receive 47.22% of the State per pupil funding provided to that district as reported in the latest Revenue and Fiscal Affairs revenue per pupil report pursuant to Proviso 1.3. This amount shall be withheld from the EFA [(Educational Facilities Authority)] portion of the State Aid to Classrooms district allocation and, if necessary, the state minimum teacher salary schedule portion of State Aid to Classrooms.

## II.

Although the School District has not required its students to wear masks in its education facilities, it claims Proviso 1.108 conflicts with local laws[2] regarding mask requirements in schools and places the School District in an untenable position. In addition, Petitioners claim the School District has reached the five

---

[2] Both Richland County (the County) and the City of Columbia (the City) enacted emergency ordinances requiring masks in K-12 schools. The City's ordinances were declared void by this Court in *Wilson v. City of Columbia*, Op. No. 28056 (S.C. Sup. Ct. filed Sept. 2, 2021) (Howard Adv. Sh. No. 31 at 9). Based on *City of Columbia*, Richland County subsequently indicated it would not enforce its ordinance as of Sept. 2, 2021. *See Updates to the County's Face Mask Ordinance*, Richland Cnty. S.C., https://www.richlandcountysc.gov/facemasks (last visited Sept. 23, 2021). However, both the City and the County have since enacted new ordinances that require masks in K-12 schools. *See* Columbia, S.C., Ordinance 2021-078 (Sept. 8, 2021), https://www.columbiasc.net/uploads/headlines/09-08-2021/mask-ordinance-no-2021-078/Ordinance%202021-078%20enactment%20of%20certain%20ordinances%20related%20to%20COVID-19.pdf; Richland County, S.C., An Emergency Ordinance Requiring the Wearing of Face Masks to Help Alleviate the Spread of COVID 19, Specifically the Recent Surge in the Delta Variant (Sept. 15, 2021), https://www.richlandcountysc.gov/Portals/0/Departments/PublicInformationOffice/Docs/9_14_21%20mask%20ordinance.pdf. The validity of those ordinances is not before us.

percent cap for virtual enrollment and does not wish to risk losing state funds by exceeding the cap in Proviso 1.103.  The School District asks for guidance on its options and obligations regarding facemasks and virtual education.

Petitioner Malika Stokes is the parent of three minor children who reside in Orangeburg County School District, one of whom (J.S.) is severely asthmatic.  Although J.S.'s pediatrician recommended he be allowed to attend school virtually, the school district is at capacity for virtual schooling.

Petitioners contend (1) Provisos 1.108 and 1.103 violate the one-subject rule of article III, section 17 of the South Carolina Constitution; (2) the plain language of Proviso 1.108 permits the School District to implement and enforce mask mandates in its education facilities if the School District does so with funds not appropriated or authorized in the 2021-2022 Appropriations Act; (3) Provisos 1.108 and 1.103 improperly invade the authority of local school boards; and (4) Provisos 1.108 and 1.103 deny equal protection to students and violate their constitutional right to free public education.  We address these argument below.

## III.

In *Wilson v. City of Columbia*, we held "Proviso 1.108 manifestly sets forth the intent of the legislature to prohibit mask mandates funded by the 2021-2022 Appropriations Act in K-12 public schools."  Op. No. 28056 (S.C. Sup. Ct. filed Sept. 2, 2021) (Howard Adv. Sh. No. 31 at 10).  We also rejected the City's constitutional challenge to the proviso.  *Id.* at 14.  We held Proviso 1.108 does not violate the one-subject rule, as it "reasonably and inherently relates to the raising *and spending* of tax monies."  *Id.* at 15 (quoting *Town of Hilton Head Island v. Morris*, 324 S.C. 30, 35, 484 S.E.2d 104, 107 (1997)).  We further rejected the argument that Proviso 1.108 violates the Home Rule Act[3] because Home Rule does not grant local governments the authority to effectively overrule a legislative enactment by the General Assembly.  *Id.* at 17-18.  Finally, we held the proviso preempted the conflicting local ordinances.  *Id.* at 18.  For the reasons we set forth in *City of Columbia*, we respectfully reject Petitioners' challenges to the provisos.

## IV.

Petitioners also argue both provisos deprive children of their constitutional right to a free public education and equal protection of the law.  This Court will presume

---

[3] S.C. Code Ann. §§ 5-7-10 to -310 (2004 & Supp. 2020).

an act is constitutional unless its "repugnance to the constitution is clear and beyond a reasonable doubt." *Doe v. State*, 421 S.C. 490, 501, 808 S.E.2d 807, 813 (2017) (quoting *Joytime Distribs. & Amusement Co. v. State*, 338 S.C. 634, 640, 528 S.E.2d 647, 650 (1999)). The general presumption of validity can be overcome only by a clear showing the act violates the constitution. *Id.*

Article I, section 3 of the South Carolina Constitution prohibits the denial of equal protection of the law. Success on an equal protection claim requires "a showing that similarly situated persons received disparate treatment." *Id.* at 504, 808 S.E.2d at 814. In this case, there is no evidence that any students are receiving disparate treatment. Indeed, there cannot be any argument of disparate treatment, as the provisos apply equally to all students and all public K-12 schools. Accordingly, Petitioners' equal protection argument is without merit.

As to Petitioners' argument that the provisos violate the constitutional guarantee of a free education for all children, article XI, section 3 of the South Carolina Constitution provides: "The General Assembly shall provide for the maintenance and support of a system of free public schools open to all children in the State and shall establish, organize and support such other public institutions of learning, as may be desirable." Petitioners contend the provisos limit the options available to school districts to ensure a free education to all children and condition the right to a free education on assuming the unnecessary risk of serious illness or even death.

Proviso 1.108 does not limit a student's right to a free education or prohibit students from wearing masks. The reduction in funding for excess virtual education set forth in Proviso 1.103 does not limit a school district's ability to provide virtual education. Instead, it reflects the reduced cost associated with providing an education virtually instead of in the physical classroom. We hold the provisos do not deprive students of their constitutional right to a free education.

The School District also asks this Court for guidance as to its options and obligations regarding facemasks and virtual education. We have no authority to do so. "It is elementary that the courts of this State have no jurisdiction to issue advisory opinions." *Booth v. Grissom*, 265 S.C. 190, 192, 217 S.E.2d 223, 224 (1975).

## V.

Finally, the School District asks this Court to declare Proviso 1.108 does not prevent it from (1) apportioning its budget so that any mask requirement is funded by federal or local funds, (2) functionally announcing and enforcing a mask

requirement without using any funding whatsoever, and (3) designating an employee or series of employees to enforce mask requirements who would be paid exclusively with federal or local funds. We repeat that Proviso 1.108 prohibits the use of funds appropriated or authorized by the 2021-2022 Appropriations Act to announce or enforce a mask mandate. As we noted in *City of Columbia*, we do not reject the possibility that funds not appropriated or authorized by that act may be used to announce or enforce a mask mandate.

## VI.

As we emphasized in *City of Columbia*, our role in this dispute is limited, and "[w]e do not sit as a superlegislature to second guess the wisdom or folly of decisions of the General Assembly." *Keyserling v. Beasley*, 322 S.C. 83, 86, 470 S.E.2d 100, 101 (1996). We reaffirm our holding in *City of Columbia* that Proviso 1.108 is valid and enforceable.

As we held in *City of Columbia*, Proviso 1.108 prohibits the School District from using funds appropriated or authorized under the 2021-2022 Appropriations Act to announce or enforce a mask mandate in its K-12 schools. We do not reject the possibility that other funds might be used to do so.

We also hold Proviso 1.103 is constitutional. We decline to give the School District advisory guidance as to its options and obligations regarding virtual education.

**JUDGMENT DECLARED**.

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**