**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Chandler Construction Services, Inc., Appellant,

v.

Bellsouth Telecommunications, LLC d/b/a AT&T South Carolina, Respondent.

Appellate Case No. 2022-001170

_____

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge

_____

Unpublished Opinion No. 2025-UP-214
Submitted May 1, 2025 – Filed July 2, 2025

_____

**DISMISSED**

_____

James Atkinson Bruorton, IV, and Elizabeth Foy Nicholson, both of Rosen Hagood, LLC, of Charleston, for Appellant.

Jeffrey Miles Butler, of Woodard & Butler, of Walterboro; Allen Mattison Bogan and Mary Scott-Chancey Williams, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia; all for Respondent.

Bryan P. Kelley, of Elmore Goldsmith Kelly and deHoll, P.A., of Greenville, for Amicus Curiae Carolinas AGC, Inc.

_____

**PER CURIAM:**  This appeal arises from the circuit court's denial of Chandler Construction's (Chandler) request for declaratory relief.  The action was brought under the Uniform Declaratory Judgments Act.[1]  Specifically, Chandler argues the circuit court erred in finding there is no affirmative obligation for an operator to disclose duct-bank encasement materials to an excavator under the South Carolina Underground Facility Damage Prevention Act (the Act).[2]  Accordingly, Chandler further argues the circuit court erred in finding Bellsouth Telecommunications, LLC, d/b/a AT&T South Carolina (AT&T) fulfilled its duties under the Act.  We decline to issue an advisory opinion and dismiss for lack of judiciable controversy.

Chandler asks this court to reverse the circuit court's order denying its declaratory judgment action and find that the statutory language of the Act required AT&T disclose the material of the duct-bank encasement.  AT&T does not appeal the circuit court's denial of its counterclaim for negligence against Chandler.  Because there is no controversy in which this court may provide relief to the parties, we find an opinion would be purely advisory.  "It is elementary that the courts of this State have no jurisdiction to issue advisory opinions." *Booth v. Grissom*, 265 S.C. 190, 192, 217 S.E.2d 223, 224 (1975).  The Uniform Declaratory Judgments Act provides that "[c]ourts of record within their respective jurisdictions shall have power to declare rights, status[,] and other legal relations whether or not further relief is or could be claimed."  S.C. Code Ann. § 15-53-20 (2005).  "Any person . . . whose rights, status[,] or other legal relations are affected by a statute [or] municipal ordinance . . . may have determined any question of construction or validity arising under the . . . statute [or] ordinance . . . and obtain a declaration of rights, status[,] or other legal relations thereunder."  S.C. Code Ann. § 15-53-30 (2005).  Despite the Uniform Declaratory Judgment Act's broad language, it has its limits.  An adjudication that would not settle the legal rights of the parties would only be advisory in nature and, therefore, would be "beyond the intended purpose and scope of declaratory judgment." *Power v. McNair*, 255 S.C. 150, 154-55, 177 S.E.2d 551, 553 (1970).  A declaratory judgment should not address moot or abstract matters. *Waller v. Waller*, 220 S.C. 212, 223, 66 S.E.2d 876, 882 (1951).

_____

[1] S.C. Code Ann. § 15-53-10 *et seq.* (2005).
[2] S.C. Code Ann. § 58-36-10 *et seq.* (2015).

Our supreme court has affirmed "an appellate court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy." *Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001).

Chandler asks this court to interpret the Act as requiring additional disclosures. Adding this requirement to the language of the statute to bind future actions of operators and excavators would be advisory here. Further, while the circuit court denied declaratory relief to Chandler, it also denied AT&T's counterclaim for negligence against Chandler. Accordingly, there is no outstanding controversy for which this court can provide relief. *See Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 16, 567 S.E.2d 881, 889 (Ct. App. 2002) ("To state a cause of action under the Declaratory Judgment Act, a party must demonstrate a justiciable controversy. A justiciable controversy exists when a concrete issue is present, there is a definite assertion of legal rights and a positive legal duty which is denied by the adverse party.") (citation modified)). Chandler's proposed hypotheticals for the safety of workers and the public are purely conjectural. An adjudication of the language of the statute would not settle the legal disputes between Chandler and AT&T. The circuit court held AT&T did not have an affirmative obligation under the Act to disclose the duct-bank encasement material. Further, the court held Chandler was not negligent under the Act in its excavation. We fail to see a controversy for which Chandler may be afforded relief in any manner other than an advisory opinion. *See Orr v. Clyburn*, 277 S.C. 536, 542, 290 S.E.2d 804, 807 (1982) (holding "[t]he Declaratory Judgment Act is not properly invoked for an advisory opinion to be put on ice by the plaintiff for use if the defendants or the applicant reach the occasion which might demand it, nor is the Act a license to fish in this judicial pond for legal advice about [an] investigation.").

Based on the foregoing, this appeal is

**DISMISSED.**[3]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.