### 21224

Michael HITTER, on behalf of himself and all others similarly situated, Respondent, v. Daniel R. McLEOD, Attorney General of the State of South Carolina, Individually, in his official capacity, and on behalf of all others who prosecute criminal actions for the State of South Carolina, Appellant.

(266 S. E. (2d) 418)

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes, Staff Atty. Grady L. Patterson, III,* and *Sol. James C. Anders,* Columbia, *for appellant.*

*Roy T. Stuckey, Vance L. Cowden* and *John L. Davidson,* Columbia, *for respondent.*

May 12, 1980.

GREGORY, Justice:

Respondent Michael Hitter brought this class action seeking a declaratory judgment that the 1977 Death Penalty Act[1] cannot be applied to persons charged with a murder committed prior to the effective date of the Act.[2] Attorney General Daniel R. McLeod's demurrer to the complaint was overruled[3] by the circuit court and he appeals. We dismiss the action.

Hitter was found guilty of murder and sentenced to life imprisonment pursuant to Section 16-52 (1962 Code) on March 7, 1974. The offense occurred and Hitter was tried, convicted and sentenced during the interim period between *Furman v. Georgia,* 408 U. S. 238, 92 S. Ct. 2726, 33 L. Ed. (2d) 346 (1972), which invalidated the application of

---

[1] Section 16-3-20, Code of Laws of South Carolina (Cum. Supp. 1979).
[2] June 8, 1977.
[3] One ground of the demurrer, that respondent had no legal capacity to sue because no guardian *ad litem* had been appointed, was sustained. See Section 15-5-370 (1976 Code). Respondent was permitted, however, to replead after the appointment of a guardian was secured. All other grounds were overruled.

the death penalty under procedures such as our § 16-52; and July 2, 1974, the effective date of the 1974 Death Penalty Act. During this period there was no operative death penalty statute in this state.

Hitler's state post-conviction remedies have been exhausted. By this action he seeks our advice before filing a petition in federal court for *habeas corpus* relief on whether our present death penalty act may be applied to the new trial he would receive if he is successful in the collateral attack of his conviction in federal court.

It is our view the allegations of the complaint fail to show the existence of a justiciable controversy and therefore do not state facts sufficient to constitute a cause of action. See *Preston H. Haskell Company v. Morgan,* S. C., 262 S. E. (2d) 737 (1980); *Guimarin & Doan v. Georgetown Textile & Mfg. Co.,* 249 S. C. 561, 155 S. E. (2d) 618 (1967). Accordingly, the lower court erred in overruling the demurrer on this ground.

While respondent Hitter's dilemma is appreciable, see *Fay v. Noia,* 372 U. S. 391, 83 S. Ct. 822, 9 L. Ed. (2d) 837 (1963), it does not *ipso facto* confer jurisdiction on this Court, or the court below, to render an advisory opinion, which we have repeatedly refused to do even on constitutional issues, *Matter of Robinson,* S. C., 262 S. E. (2d) 30 (1980), or at the behest of the Attorney General. *Charleston County School District v. South Carolina State Dairy Commission,* S. C., 262 S. E. (2d) 901 (1980). Bereft of the allegations seeking to justify the action as a class action, the complaint simply asks this Court to construe the Act of June 8, 1977 [4] so as to make it inapplicable to respondent Hitter,

---

[4] The Act itself is silent as to retroactivity. But see *State v. Rodgers,* 270 S. C. 285, 242 S. E. (2d) 215 (1978) [where we held the 1977 Act could not be applied retrospectively on resentencing only of defendants tried before the effective date of the Act]; see also *Dobbert v. Florida,* 432 U. S. 282, 97 S. Ct. 2290, 53 L. Ed. (2d) 344 (1977) [where a Florida defendant's death sentence under Florida statutes effective at the time of trial but not in effect at the time of the murder, when a previous death penalty statute later held unconstitutional was in effect, was affirmed].

who committed murder prior to its effective date, in the contingent event he is granted a new trial and is retried.

The complaint does not allege respondent is facing trial, nor that an action for collateral relief from his conviction is pending in any forum. What Hitter seeks is a premature resolution of a contingency rather than a judicial determination of a real and substantial controversy. It is the latter which affords the justiciable controversy necessary for a declaratory judgment. *Guimarin & Doan, Inc., supra.*

The relief Hitter seeks is beyond the scope of a declaratory judgment. The issue is abstract rather than ripe for adjudication, and presents us with nothing more than a vehicle for rendering an advisory opinion. This we decline to do. *West v. West,* 263 S. C. 146, 208 S. E. (2d) 530 (1974) ; *Power v. McNair,* 255 S. C. 150, 177 S. E. (2d) 551 (1970) ; *Park v. Safeco Insurance Company of America,* 251 S. C. 410, 162 S. E. (2d) 709 (1968) ; *Charleston County School District* and *Matter of Robinson, supra.*

Accordingly, the action is dismissed.

Dismissed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.