1070

ROCK HILL BODY COMPANY, Respondent v. John D. RAINEY, Jack Scott and Frank O. McGuire, Defendants, of whom Frank O. McGuire is Appellant. Appeal of Frank O. McGUIRE.

(365 S. E. (2d) 228)

Court of Appeals

*Robert Marshall Jones,* Rock Hill, *for appellant.*

*W. Clarkson McDow, Jr.,* Rock Hill, *for respondent.*

Heard Oct. 21, 1987.

Decided Dec. 14, 1987.

Rehearing denied Feb. 3, 1988.

CURETON, Judge:

Pursuant to Section 29-15-10, Code of Laws of South Carolina, 1976, as amended, respondent Rock Hill Body Shop applied to a magistrate to sell appellant Frank O. McGuire's truck to satisfy its garagemen's lien for repairs it made and for storage of the truck.[1] McGuire objected claiming that the labor and materials furnished by Rock Hill were not furnished for the purpose of repairing the truck as contemplated by Section 29-15-10. McGuire appeals from a circuit court order affirming the magistrate's decision to sell the truck. We vacate because the magistrate lacked jurisdiction to determine Rock Hill's claim.

In 1985 the owners of a 1978 Freightliner truck delivered it to Rock Hill to modify the truck by extending the wheel base and installing a permanent van body. The parties to this appeal stipulate in the Statement of The Case that some of the labor and materials on which Rock Hill bases its lien were provided for the purpose of "repairing the van body," but the "main purpose of the labor and materials was to modify the truck as agreed." The record does not reflect any invoices or other evidence separating the work performed by Rock Hill into categories of repair on the van body versus modification of the truck.

In May 1986, Rock Hill filed its affidavit in magistrate's court setting forth its right to a lien in the amount of $5,359.75 and requesting that the truck be sold to satisfy its repair and storage lien. The magistrate scheduled the sale for May 23, 1986. McGuire then moved in magistrate's court to "dismiss and vacate the order of sale upon the grounds that the labor and materials furnished by Plaintiff were not 'repairs' within the meaning of Section 29-15-10, South Carolina Code of Laws, 1976, as amended." After a hearing, the magistrate ordered the truck sold to satisfy Rock Hill's lien in its full amount.

In a pleading directed to the circuit court and titled "Motion of Appeal from The Magistrate's Court," McGuire alleged *inter alia*, that Rock Hill had not proven its entitlement "to the relief sought by a preponderance of the evi-

---

[1] $396.00 of Rock Hill's lien is for storage of the truck. We find no objection lodged by McGuire as to that portion of the lien.

dence" and the magistrate had "erred in applying Section 29-15-10, South Carolina Code of Laws, 1976, as amended, to this particular case." The circuit court sitting in its appellate capacity found that all the labor and materials furnished by Rock Hill constituted repairs within the meaning of Section 29-15-10. The court further found that irrespective of Section 29-15-10, Rock Hill had a common law artisan's lien on the truck. The circuit court affirmed the magistrate's order of sale.

McGuire makes several arguments on appeal. First, he argues the evidence does not show Rock Hill made "repairs" within the meaning of Section 29-15-10. This position is based upon the reasoning that not all of the work performed by Rock Hill constituted repairs in the sense of restorative work on a damaged item but that some of the work was modification of the truck body. Second, McGuire argues the issue of an artisan's lien was not before the magistrate's court and thus was not a matter properly before the circuit court. Further, he contends that even if an artisan's lien is considered in this case the magistrate would not have subject matter jurisdiction over it because the amount involved exceeded one thousand dollars. He also argues his perfected security interest would have priority over an artisan's lien.

With respect to the issue of an artisan's lien, we do not see where this matter was raised in the pleadings in magistrate's court. It was not stated as a ground of appeal from the magistrate's court to the circuit court. We see nothing in the record to indicate the circuit court allowed Rock Hill to amend its pleading to include a claim of a common law artisan's lien. Therefore, the issue was not properly before the circuit court. Section 18-7-130, Code of Laws of South Carolina, 1976.

Concerning the statutory lien, Rock Hill claimed it was entitled to the amount of $5,359.75. The parties disagree whether all of the work performed by Rock Hill constitutes "repairs" under the statute. Section 29-15-10 does not create a new lien. Instead, it only provides a method of enforcing an old lien. *Nesbitt Auto Co. v. Whitlock,* 113 S. C. 519, 101 S. E. 822 (1920). It is implicit that in order to

enforce the lien by the statutory method established, there must be a valid lien to enforce. To be valid, a lien "must be definite and not merely ascertainable in the future by taking some further steps. The amount must be clearly established and not open to change of any sort in a subsequent proceeding, and the lien must not be dependent upon any contingency." *United States of America v. State of South Carolina*, 227 S. C. 187, 87 S. E. (2d) 577 (1955). A valid security interest (by way of a lien) cannot exist without a valid underlying debt. *Glidden Coatings & Resins v. Suitt Construction Co.*, 290 S. C. 240, 349 S. E. (2d) 89 (Ct. App. 1986). Moreover, where as here, the underlying debt is disputed, the lien claimant must establish the debt before it may enforce its lien. *See, Blackwell v. Blackwell*, 289 S. C. 470, 346 S. E. (2d) 731 (Ct. App. 1986).

A fundamental question concerns the subject matter ■ jurisdiction of the magistrate's court to determine the dispute. *Eichor v. Eichor*, 290 S. C. 484, 351 S. E. (2d) 353 (Ct. App. 1986) (lack of subject matter jurisdiction cannot be waived and should be considered by appellate court on its own motion). Section 29-15-10 does not address the jurisdiction of the magistrate to determine the amount of the lien if it is contested by the parties. Rather, the section as drafted provides only that the magistrate may execute the lien by sale of the property. Section 22-3-10, Code of Laws of South Carolina, 1976, as amended, addresses the extent of civil jurisdiction of magistrates. Generally speaking, Section 22-3-10 limits the civil jurisdiction of a magistrate to the sum of one thousand dollars. A construction of Sections 29-15-10 and 22-3-10 leads to the conclusion that a magistrate has jurisdiction to determine a dispute as to the amount of the lien under Section 29-15-10 only if the amount involved does not exceed one thousand dollars. If more than one thousand dollars is involved then the disputed amount must be determined by the circuit court in its original jurisdiction. Once determined by the circuit court the property may be sold by the magistrate as provided by Section 29-15-10.

Because the magistrate did not have subject matter jurisdiction to determine the amount of the lien under Section 29-15-10 we vacate the decisions of the magistrate and circuit court.

Vacated.

SHAW and BELL, JJ., concur.