543 S.E.2d 568

The STATE, Respondent,

v.

James A. BROWN, Sr., Appellant.

No. 3304.

Court of Appeals of South Carolina.

Heard Dec. 13, 2000.

Decided Feb. 20, 2001.

---

James A. Brown, Jr., of Beaufort, for appellant.

Senior Assistant General Counsel William L. Todd, of South Carolina Department of Public Safety, of Columbia, for respondent.

CONNOR, Judge:

A magistrate's court jury found James A. Brown, Sr., guilty of speeding. Brown appealed his conviction to the Court of Common Pleas. The circuit court judge dismissed the appeal because Brown did not serve a timely notice of appeal on the South Carolina Department of Public Safety [SCDPS].

Brown appeals the dismissal. We affirm the decision of the circuit court as modified.

## FACTS

On May 27, 1997, James A. Brown, Sr., was traveling east on Highway 76. Brown was clocked going 62 mph in a 40 mph zone by a moving radar mounted in a Highway Patrol cruiser. Lance Corporal Sherry McLeod issued Brown a summons for speeding (62 mph in a 40 mph zone).

On June 26, 1998, Brown was tried for the traffic violation by a jury in the Magistrate Court of Sumter. During the course of the trial, Brown objected to the admission of a radar speed measurement reading offered by the arresting officer. Brown asserted the State had to establish through appropriate foundational evidence that moving radar speed measurement devices were reliable and generally accepted among the scientific community. The magistrate overruled Brown's objection and admitted the radar evidence.

Later in the course of the trial, Brown attempted to introduce a videotape of the incident location. The magistrate concluded that the tape was not admissible because it had not been made on the same day, or even the same time of day the ticket was issued. The magistrate further found that the video was cumulative to the testimony and graphic evidence presented. Brown was, however, allowed to proffer the video.

At the close of the evidence, the jury found Brown guilty of the speeding violation. As a result, Brown was fined $95 by the magistrate on June 29, 1998.

Brown served a Notice of Appeal on the magistrate on July 6, 1998, by depositing it in the U.S. mail. On the bottom of his Notice of Appeal, Brown listed Pat Teague as the attorney of record for the SCDPS. However, Brown did not serve the SCDPS with a notice of appeal.

On October 3, 1998, Brown sent a letter to Pat Teague, the attorney for SCDPS, "to inform [him] of the upcoming appeal." On October 12, 1998, the SCDPS filed a motion to dismiss Brown's appeal for failure to timely serve notice of the appeal.

On October 26, 1998, the circuit court judge took the notice issue under advisement and heard the merits of the appeal. In his order dated November 14, 1998, the circuit court judge granted the motion to dismiss the appeal, but addressed the issues raised by Brown and found them to be without merit. On July 15, 1999, the circuit court judge issued an amended order denying Brown's motion to reconsider and citing additional authority for his original order.

## LAW/ANALYSIS

### I.

Before addressing the merits of Brown's other issues on appeal, we must decide whether the circuit court had subject matter jurisdiction to hear Brown's appeal. "Service of the notice of intent to appeal is a jurisdictional requirement, and this Court has no authority to extend or expand the time in which the notice of intent to appeal must be served." *Mears v. Mears,* 287 S.C. 168, 169, 337 S.E.2d 206, 207 (1985).

Sections 18–3–10 through –70 provide for appeals from magistrates in criminal cases. S.C.Code Ann. §§ 18–3–10 through –70 (1985 & Supp.2000). Section 18–3–10 provides, "Every person convicted before a magistrate of any offense whatever and sentenced may appeal from the sentence to the Court of Common Pleas for the county."[1] S.C.Code Ann. § 18–3–10 (Supp.2000). Upon conviction and sentence, the appellant has ten days to "serve notice of appeal upon the magistrate who tried the case." S.C.Code Ann. § 18–3–30 (1985). Within ten days of being served with the appellant's notice, the magistrate is required to file the notice with the clerk of court. S.C.Code Ann. § 18–3–40 (Supp.2000). However, there is no mention of service of the notice of appeal on the State (the SCDPS in this case).

The dilemma posed in this case has arisen because criminal appeals from magistrates are heard in courts that operate under the Rules of Civil Procedure. Because appeals from

---

1. Section 18–3–10 was amended in 1994 to require criminal convictions in a magistrate's court to be appealed to the Court of Common Pleas instead of the "next term of the court of general sessions for the county." Act No. 520, 1994 S.C. Acts 5930.

criminal convictions are heard in the Court of Common Pleas, the SCDPS argues that Rule 74, SCRCP, mandates the appellant serve notice of appeal on the SCDPS. Rule 74 provides:

> Except for the time for filing the notice of appeal, the procedure on appeal to the circuit court from the judgment of an inferior court ... shall be in accordance with the statutes providing such appeals. Notice of appeal to the circuit court must be served on all parties within thirty (30) days after receipt of written notice of the judgment, order or decision appealed from. In all such appeals the notice of intention to appeal shall be filed with the clerk of the court to which the appeal is taken and with the inferior court ... within the time provided by the statute, or by this rule when no time is fixed by statute, for service of the notice of intention to appeal.

Rule 74, SCRCP. As delineated above, the procedure on appeal to the circuit court from the magistrate is provided in sections 18–3–10 through –70. However, that procedure only specifically requires the appellant to serve the magistrate with the notice of appeal. It does not address whether the appellant must serve the State.

There are no cases explaining the interaction between Rule 74 and appeals from criminal convictions in magistrates courts. Likewise, there are only a few cases explaining the purpose of Rule 74. Those cases basically quote from the Reporter's Note following Rule 75 that explains both Rules 74 and 75. *See Eagles v. South Carolina Nat'l Bank*, 301 S.C. 402, 392 S.E.2d 187 (Ct.App.1990); *Karl Sitte Plumbing Co. v. Darby Dev. Co. of Columbia, Inc.*, 295 S.C. 70, 367 S.E.2d 162 (Ct.App.1988). The Reporter's Note explains:

> These Rules 74 and 75 are added to make uniform the procedure on appeals to the Circuit Court where there is no provision by statute. They do not replace any provisions as to such appeals in Title 18 of the Code, ... but are added to supply omissions in these statutes where no provision is made for the time to file notice of intention to appeal, the form of the record on appeal, or how it shall be transmitted.

Rule 75, SCRCP (Reporter's Note). This comment seems to support the SCDPS argument that Rule 74 fills in the procedural gaps not addressed in sections 18–3–10 through –70.

In *Witzig v. Witzig,* 325 S.C. 363, 479 S.E.2d 297 (Ct.App. 1996), this Court discussed Rule 74 briefly. We said, "While [Rule 74] requires service on all parties of notice of appeal 'within thirty (30) days after receipt of written notice of the judgment, order, or decision appealed from,' Rule 74 applies only 'when no time is fixed by statute.'" *Id.* at 366, 479 S.E.2d at 299 (quoting Rule 74, SCRCP). Chapter 3 of Title 18 does not provide a time fixed by statute to serve notice of appeal on the State, so the position of the SCDPS is that the 30 day period provided in Rule 74 applies. On the other hand, Brown's position is that no time is provided in the statutes because he is not required to serve notice of appeal on the State. Brown maintains that if anyone is required to serve notice of appeal on the State, it is the magistrate.

In summation, the SCDPS contends Rule 74 applies to all appeals taken to the Court of Common Pleas from inferior courts, including appeals from criminal convictions in magistrate courts. Conversely, Brown argues the controlling statutes do not require him to serve notice of appeal on anyone other than the magistrate, and Rule 74 only applies to civil actions.

The scope of the South Carolina Rules of Civil Procedure is limited to "all suits of a civil nature whether cognizable as cases at law or in equity." Rule 1, SCRCP. "In interpreting the language of a court rule, we apply the same rules of construction used in interpreting statutes. Therefore, the words of [the rule] must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the rule." *Green v. Lewis Truck Lines, Inc.,* 314 S.C. 303, 304, 443 S.E.2d 906, 907 (1994) (citations omitted). Because the scope of the Rules of Civil Procedure is limited by Rule 1, Rule 74 only applies to civil actions. The action *sub judice* is clearly criminal in nature. Therefore, Rule 74 does not apply to Brown's appeal and the circuit court erred in dismissing the action based on lack of subject matter

jurisdiction.[2]

 Even though the circuit court dismissed Brown's appeal when it incorrectly determined that it lacked subject matter jurisdiction, it alternatively found Brown's issues on appeal meritless. Because we find the circuit court had subject matter jurisdiction to hear the appeal, we address Brown's remaining issues below.

## II.

Brown argues the circuit court erred in affirming the magistrate's admission of the reading from the moving radar speed measurement device without first requiring evidence of a scientific foundation.

"The admission or exclusion of evidence is a matter within the sound discretion of the trial court and absent clear abuse, will not be disturbed on appeal." *Gamble v. International Paper Realty Corp.*, 323 S.C. 367, 373, 474 S.E.2d 438, 441 (1996).

Although the magistrate refused to require SCDPS to lay any specific foundation before allowing the radar reading into evidence, SCDPS attempted to satisfy Brown's request through Officer McLeod's testimony. Officer McLeod testified she was trained in the operation of moving radar at the South Carolina Criminal Justice Academy. She was initially trained and certified in 1991 and was subsequently recertified every three years. Before citing Brown for speeding in May 1997, Officer McLeod's most recent recertification was in April 1996.

Officer McLeod explained to the jury the procedure she was taught at the Criminal Justice Academy for verifying that the radar was in proper working condition before and after each shift. She also testified that she followed that procedure on the day she ticketed Brown and that the radar was functioning properly.

---

2. Our decision does not address how the SCDPS should have been notified of Brown's appeal. Undoubtedly, notice must be provided. However, the rules and statutes are silent and fail to impose this responsibility on either the magistrate, the clerk of court, or the appellant.

Brown's main contention at trial and on appeal was that the radar reading could have been subject to interference at the location where the radar was used. However, Brown was free to call into question the reliability of the evidence through cross-examination or by calling his own expert in the reliability of readings from moving radar.

We agree with the circuit court that the magistrate did not abuse her discretion by allowing the reading from the moving radar into evidence.

## III.

Brown also argues the circuit court erred in sustaining the magistrate's exclusion of a videotape of the incident location proffered by Brown.

Brown attempted to introduce a videotape he prepared of the general site where the officer ticketed him. The magistrate refused to admit the videotape. The video was not made on the same day as Brown was cited for speeding. The video also depicts the site at a different time of day than when Brown was cited. Furthermore, the roadway had undergone some changes since the time of the incident.

Once again, "[t]he admission or exclusion of evidence is a matter within the sound discretion of the trial court and absent clear abuse, will not be disturbed on appeal." *Gamble,* 323 S.C. at 373, 474 S.E.2d at 441. Nevertheless, even if the magistrate should have allowed the video into evidence, it was cumulative to the prior testimony regarding the roadway and the diagram of the road used at trial. The exclusion of the video was harmless because the video was cumulative to other evidence and no prejudice resulted from its exclusion. *State v. Weaverling,* 337 S.C. 460, 473, 523 S.E.2d 787, 793–94 (Ct.App. 1999). Therefore, we find no error in the magistrate's exclusion of the videotape prepared by Brown.

For the foregoing reasons, the order of the circuit court is

**AFFIRMED AS MODIFIED.**

CURETON and GOOLSBY, JJ., concur.