627 S.E.2d 749

Moffet McDILL, Gerri McDill, and Garrett McDill, a minor, Ryan Street, a minor, Edward Lee, a minor, Courtland Rogers, a minor, Defendants,

of whom Moffet McDill, Gerri McDill, and Garrett McDill, a minor, are Respondents,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY and Nationwide Mutual Fire Insurance Company, Appellants.

No. 4072.

Court of Appeals of South Carolina.

Heard Dec. 6, 2005.

Filed Jan. 17, 2006.

Rehearing Denied March 28, 2006.

J.R. Murphy, of Columbia, for Appellants.

William P. Hatfield and Robert D. McKissick, both of Florence, for Respondents.

GOOLSBY, J.:

Nationwide Mutual Insurance Company (Nationwide Mutual) and Nationwide Mutual Fire Insurance Company (Nationwide Fire) appeal from an order of the trial court reforming automobile insurance policies issued to Moffet and Gerri McDill to add underinsured motorist (UIM) coverage. We vacate the trial court's order on the basis of mootness.

## I.

On July 23, 2001, Garrett McDill, a minor, was seriously injured while driving a 1992 Honda Accord that collided with a car driven by Christopher Lawhon, also a minor. The 1992 Honda Accord was owned and insured by Garrett's parents, Moffet and Gerri McDill.

The McDills filed this action on May 8, 2003, alleging neither Lawhon nor the vehicle's owner, Mark's Auto Sales,

Inc., had adequate insurance coverage to compensate for Garrett's injuries and alleging Lawhon was an underinsured driver under the laws of South Carolina. The McDills sought to reform their own insurance policies issued by Nationwide Mutual and Nationwide Fire to include UIM coverage.

By order dated January 14, 2004, the trial court found the defendants did not make a meaningful offer of UIM coverage as required by S.C.Code Ann. § 38–77–160 (2002). The trial court granted summary judgment to the McDills and ordered that their automobile insurance policies be reformed to include UIM coverage up to the liability coverage limits of $100,000 per person and $300,000 per accident. This appeal followed.

By order of this court, we held the appeal in abeyance pending the resolution of a second lawsuit, *McDill v. Mark's Auto Sales, Inc.,* a tort action involving the determination of liability for the automobile accident in which the jury returned a verdict for the defendants. The action was brought by Gerri McDill on behalf of herself and her son Garrett against Lawhon, as well as Lawhon's father, his grandfather, and his grandfather's automobile dealership, Mark's Auto Sales, Inc., which was the owner of the vehicle Lawhon was driving in the accident.

■■■■ Since we have affirmed the judgment finding no liability for the defendants in *McDill v. Mark's Auto Sales, Inc.,* 367 S.C. 486, 626 S.E.2d 52 (Ct.App.2006), the question of UIM coverage has now become moot because our decision will have no practical legal effect upon the existing controversy. As noted by our supreme court:

An appellate court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy. *Jackson v. State,* 331 S.C. 486, 489 S.E.2d 915 (1997). Moot appeals differ from unripe appeals in that moot appeals result when intervening events render a case nonjusticiable. *See* Jean Hoefer Toal, Shahin Vafai & Robert A. Muckenfuss, *Appellate Practice in South Carolina* 122 (1999). "A case becomes moot when judgment, if rendered, will have no practical legal effect upon [the] existing controversy. This is true when some event occurs making it impossible for [the] reviewing Court to grant effectual relief." *Mathis v. South Carolina State Highway Dep't,* 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973).

*Curtis v. State,* 345 S.C. 557, 567–68, 549 S.E.2d 591, 596 (2001) (alterations in original).

In the underlying tort case, a jury determined the McDills were not entitled to any damages from the owner or driver of the underinsured vehicle; therefore, we hold the McDills would not be entitled to UIM coverage under either Nationwide policy even if the policies were reformed to provide UIM coverage. The Nationwide policies provided as follows:

> **We** will pay damages ... because of **bodily injury** suffered by **you** or a **relative,** and because of **property damage.** Such damages must be due by law to **you** or a **relative** from the owner or driver of: ... an **underinsured motor vehicle**....

Thus, since the underlying tort action was decided adversely to the McDills, they are not entitled to UIM coverage because they are not entitled to damages from the driver of the underinsured motor vehicle. Any opinion on whether the policies should be reformed would, therefore, be merely advisory.[1] *Cf. Empire Fire & Marine Ins. Co. v. Metro Courier Corp.,* 234 Ga.App. 670, 507 S.E.2d 525 (1998) (holding an automobile insurer's declaratory judgment action to determine coverage issues, including the duty to defend, was moot once the insurer had denied coverage and refused to defend and a judgment was entered on the underlying suit because a court is not permitted to issue advisory opinions); *see also In re Chance,* 277 S.C. 161, 161, 284 S.E.2d 231, 231 (1981) (noting South Carolina appellate courts have "consistently refrained" from issuing purely advisory opinions).

## II.

Based on the foregoing, we vacate the trial court's order in the current appeal that granted summary judgment to the McDills and reformed the policies to include UIM coverage.

**VACATED.**

SHORT, J., and CURETON, A.J., concur.

---

1. We note that, unless a party is trying to obtain coverage for an accident that has already occurred, litigation to reform an insurance policy to include UIM coverage would not be necessary. Where there is no current accident and UIM coverage is desired, a party could simply add such coverage with an agent to protect against future losses.