THIS  OPINION 
 HAS  NO  PRECEDENTIAL  VALUE.  IT  SHOULD NOT   BE   CITED   OR   RELIED  ON  
 AS    PRECEDENT   IN  ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Patricia Frierson, Appellant,
 v.
 InTown Suites,
 Two Notch Road, Inc., Respondent.
 
 
 

Appeal From Richland County
 John C. Hayes, III, Circuit Court Judge
Unpublished Opinion No. 2007-UP-549
Submitted November 1, 2007  Filed
 December 14, 2007
AFFIRMED

 
 
 
 Patricia Frierson, pro se, of
 Columbia, for Appellant.
 Griffin Littlejohn and Ned Nicholson, both of Columbia, for
 Respondent.
 
 
 

PER CURIAM: 
 Patricia Frierson appeals the magistrate courts dismissal of her case against
 InTown Suites (InTown) without prejudice.  We affirm.[1]
FACTS
According
 to her Complaint dated July 1, 2002, Frierson began staying at InTown Suites on
 October 17, 2001, at a weekly rate of $165.00.  She allegedly encountered
 several problems during her eight-month stay at InTown, including noise from
 other guests, waste spilling out of the toilet, harassment by means of a warning
 on Friersons car stating it might be towed, and blood stains on her mattress.  Frierson
 claims InTown participated in unfair trade practices and she suffered severe
 emotional distress as a result of the above events.  She sought actual damages
 of $5,775 and $1,725 for pain and suffering.  In addition, Frierson sought any
 costs resulting in this action and any punitive damages the court deems
 appropriate.  
As part
 of its defense, InTown filed a motion to dismiss the case for failure to state
 a claim under Rule 12(b)(6), SCRCP, or alternatively, because Friersons
 alleged damages exceeded the $7,500 jurisdictional limit of the magistrates
 court. The matter was originally heard by Magistrate Golie Augustus on July 8,
 2003, when he denied the motion to dismiss and set the case for trial on July
 21, 2003.  Magistrate William Womble took over for Magistrate Augustus on an
 emergency basis and heard the case on July 21, 2003, and orally dismissed
 Friersons Complaint with prejudice. Frierson appealed Magistrate Wombles oral
 ruling to the circuit court on July 22, 2003.  By written order dated July 23,
 2003, Magistrate Womble dismissed the complaint with prejudice in its entirety.
  
Judge
 John Milling heard Friersons appeal on February 11, 2005.  At the hearing, Frierson
 complained that Magistrate Wombles signed order went outside the issues heard
 on July 21, 2003.  Because Judge Milling was concerned that Magistrate Womble
 granted the motion to dismiss after Magistrate Augustus had denied the motion,
 he remanded the case to Magistrate Augustus for the preparation of a return
 concerning the events of July 8, 2003.  In Magistrate Augustuss return to the
 appeal, he stated he held a pretrial conference on July 8 and determined that
 the case would be bound over for trial.
Based on Magistrate Augustuss return, Judge L. Casey Manning
 ordered the case remanded to the magistrates court for trial.  Frierson then
 sent a fax to Magistrate Womble, dated September 19, 2005, wherein she sought
 to amend her pleadings to seek $500,000 in actual damages and $300,000 in
 punitive damages.  She also requested the magistrate forward her case file to
 the circuit court.  On October 10, 2005, Magistrate Shealy found the amendment for
 additional damages would take the case outside of his jurisdiction and dismissed
 Friersons case without prejudice so she could file in the circuit court.  Having
 commenced the lawsuit on July 1, 2002, Frierson could not file the action with
 the circuit court because the statute of limitations had run. 
Frierson appealed the dismissal without prejudice to the circuit
 court, arguing the magistrate should have transferred the case rather than
 dismiss it.  Judge John C. Hayes, III, heard the appeal on April 24, 2006.  In
 his order filed May 17, 2006, Judge Hayes dismissed Friersons appeal and found
 the legislature has not granted jurisdiction to the magistrates courts to
 transfer civil cases such as Friersons to the circuit court when the
 magistrate no longer has jurisdiction.  This appeal follows.
LAW/ANALYSIS
Frierson
 argues on appeal that the magistrate erred in not transferring her case to the
 circuit court or hearing the case in its original jurisdiction in the interest
 of justice.  She also argues the trial judge failed to address her right to a
 jury trial and failed to address the issue of InTowns allegedly frivolous
 defense.  We affirm.
Friersons primary
 argument is that the magistrate should have transferred her case to the circuit
 court rather than dismiss it without prejudice.  Frierson presents no case law
 to support her position, stating instead that nothing prevents a magistrate
 from sending a case to circuit court.  We note that although her argument is conclusory,
 we choose to address it on the merits.
The trial court
 relied upon Rock Hill Body Co. v. Rainey, 294 S.C. 426, 429, 365 S.E.2d
 228, 231 (Ct. App. 1987), for the proposition that in an action with a disputed
 amount in excess of the magistrates jurisdiction, the case must be determined
 by the circuit court in its original jurisdiction (emphasis added).  We
 agree with the trial courts interpretation of Rainey.  Original
 jurisdiction is defined as [a] courts power to hear and decide a
 matter before any other court can review the matter.  Blacks
 Law Dictionary 856 (7th ed. 1999) (emphasis added).
The jurisdiction
 of the magistrates court is statutorily limited by South Carolina Code section
 22-3-10 (2007).  Although we note
 there are limited circumstances where the legislature has allowed magistrates
 to transfer a case to the circuit court, such as when a counterclaim is filed
 pursuant to South Carolina Code section 22-3-30 (2007), we believe the legislature
 intentionally limited the scope of a magistrates power to transfer cases to
 the circuit court.  In addition to Rainey, we find the statutory
 guidelines that govern magistrates court support this view by not expressly
 authorizing magistrates to transfer any type of case to the circuit court.  
 
Having determined
 that the magistrate properly dismissed Friersons case once he lost
 jurisdiction, we find her additional issues are moot.[2]  See Sloan v. Friends of Hunley, Inc., 369 S.C. 20, 630
 S.E.2d 474 (2006) (holding a case is moot where a judgment by the court will have no practical legal
 effect); McDill v. Nationwide Mut. Ins. Co., 368 S.C. 29, 31, 627
 S.E.2d 749, 750 (Ct. App. 2006) (An appellate court will not pass on moot and
 academic questions or make an adjudication where there remains no actual
 controversy.).
AFFIRMED.
HUFF and PIEPER, JJ., and
 CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.  
[2] Frierson did not assert on appeal that she should
 have been allowed at least to proceed on her original $7,500 claim in the
 magistrates court.