662 S.E.2d 466

**HORRY COUNTY, Respondent,**

v.

**David PARBEL, Kristen Parbel, Crystal Kawolski, Stephanie Regalado, & Laura Rajotte, Appellants.**

No. 4388.

Court of Appeals of South Carolina.

Heard May 6, 2008.

Decided May 12, 2008.

Rehearing Denied June 26, 2008.

256

John S. Nichols, of Columbia, and Robert V. Phillips, of Rock Hill, for Appellants.

John L. Weaver and Brenda L. Gorski, both of Conway, for Respondent.

ANDERSON, J.

In 2004, several employees of Thee Doll House were arrested and cited for violating an Horry County zoning ordinance. They appeared before the magistrate court and were acquitted of the charges against them. Horry County appealed the magistrate court's ruling to the circuit court. Thee Doll House employees contend the circuit court erred in ruling on Horry County's appeal because it violated double jeopardy clauses of the federal and state constitutions and amounted to an advisory opinion. The employees further maintain the circuit court erred in denying their request for attorneys' fees and costs pursuant to the South Carolina Frivolous Civil Proceedings Sanction Act. We reverse in part and affirm in part.

## *FACTUAL/PROCEDURAL BACKGROUND*

The facts of the case are not in dispute. On the evening of August 16, 2004, and on the following morning, undercover officers entered Thee Doll House and other strip clubs in Horry County to investigate whether dancers' breasts were properly covered. Officers arrested and cited Kristen Parbel, Crystal Kawolski, Stephanie Regalado, and Laura Rejotte for violating an Horry County zoning ordinance by either exposing their nipples or covering their nipples with only transparent "pasties." David Parbel, the manager on duty at Thee Doll House, was cited for permitting the female dancers to work while clothed in this manner. Law enforcement declared this type of breast exposure was a criminal violation of section 526.3 of the Horry County zoning ordinances. Subsequently, the charges were amended to allege criminal violation of section 1303 of the Horry County zoning ordinances.

Section 6–29–950(A) of the South Carolina Code (2004) authorizes the governing authorities of municipalities or counties to provide for the enforcement of any ordinance and provides:

A violation of any ordinance adopted pursuant to the provisions of this chapter is a misdemeanor. In case a building, structure, or land is or is proposed to be used in violation of any ordinance adopted pursuant to this chapter, the zoning administrator or other appropriate administrative officer.... may in addition to other remedies, institute injunc-

tion, mandamus, or other appropriate action or proceeding to prevent the unlawful. . . . use, or to correct or abate the violation. . . .

Additionally, Horry County zoning ordinance Section 1303 states:

(A) It shall be unlawful to use, occupy or permit the use or occupancy of any building, mobile home, or premises, or all or parts thereof hereafter created, erected, changed, converted, or wholly or partly altered or enlarged in its use or structure until a certificate of zoning compliance shall have been issued therefore by the zoning administrator stating that the proposed use of the building or land conforms to the requirements of the ordinance. (B) Failure to obtain a certificate of zoning compliance shall be a violation of this ordinance punishable under section 1308 of this ordinance.

Violating section 1303, as provided in section 1308, constitutes a misdemeanor:

Any person violating any provisions of this ordinance shall be guilty of a misdemeanor, and upon conviction shall be imprisoned for a period not to exceed thirty (30) days and/or fined not more than two hundred dollars ($200.00) for each offense. Each day such violation continues shall constitute a separate offense. Nothing herein contained shall prevent the county from taking such other lawful action as is necessary to prevent or remedy any violation.

A criminal trial was held in magistrate's court, and Appellants requested a jury trial. After Horry County rested its case, Appellants moved for a dismissal of all charges. The magistrate granted Appellant's motion for dismissal and inculcated "the County has not met the allegations of this zoning ordinance in proving 1303." Horry County appealed the magistrate's ruling to the circuit court after Appellants' acquittal on March 8, 2005. Though the magistrate "prayed" for the circuit court to dismiss Horry County's appeal with prejudice, the circuit court found it had both subject matter jurisdiction over the issues raised in the appeal and personal jurisdiction over the Appellants. Appellants moved to dismiss Horry County's appeal based on the Double Jeopardy Clauses of the federal and state constitutions and sought sanctions for Horry County's pursuit of its appeal, averring the appeal was frivo-

lous and violated the South Carolina Frivolous Civil Proceeding Sanction Act.

On appeal, the circuit court found Horry County's claim, "the dancers' failure to completely and opaquely cover their breasts violated [section] 1303(A) by changing or altering Thee Doll House 'use' from a permissible nightclub into its 'use' as an adult entertainment establishment," meritorious. The circuit court elucidated: "Under [the County's] theory, [section] 1303 required the dancers and duty manager to wait until after Thee Doll House sought and successfully obtained a Certificate of Zoning Compliance for its use as an adult entertainment establishment before using or permitting Thee Doll House to be used that way." However, the circuit court found double jeopardy prevented Appellants from being retried under the same charges. Finally, the circuit court denied Appellants' request for attorney's fees and costs because the case before the magistrate was criminal in nature and not a civil proceeding. Appellants' motion to alter or amend the circuit court's judgment was denied.

## STANDARD OF REVIEW

■ In criminal cases, the appellate court sits to review errors of law only. *State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006); *State v. Wilson,* 345 S.C. 1, 5–6, 545 S.E.2d 827, 829 (2001); *State v. Rice,* 375 S.C. 302, 314, 652 S.E.2d 409, 414 (Ct.App.2007); *State v. Wood,* 362 S.C. 520, 525, 608 S.E.2d 435, 438 (Ct.App.2004). This court is bound by the circuit court's factual findings unless they are clearly erroneous. *State v. Northcutt,* 372 S.C. 207, 215, 641 S.E.2d 873, 877 (2007); *State v. Quattlebaum,* 338 S.C. 441, 452, 527 S.E.2d 105, 111 (2000); *State v. Edwards,* 374 S.C. 543, 553, 649 S.E.2d 112, 117 (Ct.App.2007); *State v. Patterson,* 367 S.C. 219, 224, 625 S.E.2d 239, 241 (Ct.App.2006); *State v. Landis,* 362 S.C. 97, 101, 606 S.E.2d 503, 505 (Ct.App.2004); *see also State v. Abdullah,* 357 S.C. 344, 349, 592 S.E.2d 344, 347 (Ct.App.2004).

■ On review, we are limited to determining whether the circuit court abused its discretion. *State v. Laney,* 367 S.C. 639, 643, 627 S.E.2d 726, 729 (2006); *State v. Reed,* 332 S.C. 35, 43, 503 S.E.2d 747, 751 (1998); *State v. Grace,* 350 S.C. 19,

23, 564 S.E.2d 331, 333 (Ct.App.2002). This Court does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the circuit court's ruling is supported by any evidence. Wilson, 345 S.C. at 6, 545 S.E.2d at 829; *State v. Moore,* 374 S.C. 468, 473–74, 649 S.E.2d 84, 86 (Ct.App.2007); *State v. Mattison,* 352 S.C. 577, 583, 575 S.E.2d 852, 855 (Ct.App.2003).

## *LAW/ANALYSIS*

### I. Error in Ruling on Merits of County's Appeal

#### A. Double Jeopardy

Appellants maintain the circuit court violated the Double Jeopardy Clause by ruling on Horry County's appeal after they were acquitted in magistrate's court. We agree.

The United States Constitution and the South Carolina Constitution protect against double jeopardy. *See* U.S. Const. Amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ."); S.C. Const. Art. I, § 12 ("No person shall be subject for the same offense to be twice put in jeopardy of life or liberty, nor shall any person be compelled in any criminal case to be a witness against himself."); *see also State v. Mathis,* 359 S.C. 450, 457, 597 S.E.2d 872, 876 (Ct.App.2004) ("The Double Jeopardy Clauses of the United States and South Carolina Constitutions protect citizens from being placed twice in jeopardy of life or liberty."); *State v. Cuccia,* 353 S.C. 430, 434, 578 S.E.2d 45, 47 (Ct.App.2003) ("Both the United States Constitution and the South Carolina Constitution protect against double jeopardy.").

Under the Double Jeopardy Clause a defendant is protected from: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple prosecution for the same offense after an improvidently granted mistrial. *State v. Gordon,* 356 S.C. 143, 149, 588 S.E.2d 105, 108 (2003); *State v. Kirby,* 269 S.C. 25, 27–28, 236 S.E.2d 33, 34 (1977); *Mathis,* 359 S.C. at 457, 597 S.E.2d at 876; *Cuccia,* 353 S.C. at 434, 578 S.E.2d at 47; *see also North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (overruled on other

grounds by *Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)); *accord Schiro v. Farley,* 510 U.S. 222, 229–30, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994); *Justices of Boston Mun. Ct. v. Lydon,* 466 U.S. 294, 306–07, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984); *U.S. v. DiFrancesco,* 449 U.S. 117, 129, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980); *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *U.S. v. Wilson,* 420 U.S. 332, 343, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *Stevenson v. State,* 335 S.C. 193, 198, 516 S.E.2d 434, 436 (1999); *McMullin v. S.C. Dep't of Revenue & Taxation,* 321 S.C. 475, 478, 469 S.E.2d 600, 602 (1996); *State v. Owens,* 309 S.C. 402, 405, 424 S.E.2d 473, 475 (1992).

The United States has a long history of this constitutional protection:

> If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offence. And though there have been nice questions in the application of this rule to cases in which the act charged was such as to come within the definition of more than one statutory offence, or to bring the party within the jurisdiction of more than one court, there has never been any doubt of its entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offence.

*Ex Parte Lange,* 18 Wall. 163, 85 U.S. 163, 168, 21 L.Ed. 872 (1873). The Supreme Court explicated: "Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that '(a) verdict of acquittal . . . could not be reviewed, on error or otherwise, without putting (a defendant) twice in jeopardy, and thereby violating the Constitution.' " *U.S. v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977) (citing *U.S. v. Ball,* 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed. 300, (1896)). The Supreme Court reiterated the purpose of the Double Jeopardy Clause: "The standard way for a defendant to secure a final judgment in her favor is to gain an acquittal. . . . [T]he 'primary purpose' of the Double Jeopardy Clause is to 'protect the integrity' of final determinations of guilt or innocence." *Sattazahn v. Pennsyl-*

*vania,* 537 U.S. 101, 120, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003) (internal citations omitted). Moreover:

> An acquittal is accorded special weight. The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal, for the public interest in the finality of criminal judgments is so strong that an acquitted defendant may not be retried even though the acquittal was based upon an egregiously erroneous foundation.... The law attaches particular significance to an acquittal.

*U.S. v. DiFrancesco,* 449 U.S. 117, 129, 101 S.Ct. 426, 66 L.Ed.2d 328 (internal citations omitted).

The South Carolina Supreme Court has long recognized the State has no right of appeal from an acquittal in a criminal case. *See State v. McKnight,* 353 S.C. 238, 239, 577 S.E.2d 456, 457 (2003) ("Based primarily upon the double jeopardy provisions of the Constitution, we have long recognized that the State has no right of appeal from a judgment of acquittal in a criminal case.... These cases are premised upon the basic double jeopardy principle that a defendant in a criminal prosecution is in legal jeopardy when he has been placed upon trial under a valid indictment and a competent jury has been sworn."); *State v. Rogers,* 198 S.C. 273, 278, 17 S.E.2d 563, 565 (1941) ("[I]t is well settled that no writ of error, appeal, or other proceeding lies on behalf of the state to review or to set aside a verdict or a judgment of acquittal in a criminal case, although there may have been error committed by the court, or a perverse finding by the jury."); *State v. Lynn,* 120 S.C. 258, 260, 113 S.E. 74, 75 (1922) ("[T]he state has no right of appeal from judgment upon verdict of acquittal in a criminal case seems to have been recognized and accepted as the law of this jurisdiction from the beginning of our judicial history.").

■ In *State v. Holliday,* the supreme court held the State has no right of appeal from an acquittal in a criminal case unless the acquittal was procured by the accused through fraud or collusion. 255 S.C. 142, 145, 177 S.E.2d 541, 542 (1970). The court articulated, "While a limited right of appeal in criminal cases has been conferred upon the State by statute in a number of jurisdictions, the extent of the right of the

prosecution to appeal in this jurisdiction has been defined by our judicial decisions." *Id.* at 144, 177 S.E.2d at 542.

More recently, in *State v. Tillinghast,* the supreme court concluded the State did not have a right to appeal a magistrate court's ruling to the circuit court after Defendant's acquittal. 375 S.C. 201, 203, 652 S.E.2d 400, 401 (2007). The Defendant was charged with possession of alcohol by a minor and was granted his motion for a directed verdict in the magistrate's court. *Id.* at 202, 652 S.E.2d at 401. The State appealed to the circuit court and argued the magistrate erred by directing a verdict of not guilty. *Id.* The State did not seek reinstatement of the charge but sought review of the magistrate's finding the statute was unconstitutional. *Id.* The circuit court found it had jurisdiction to hear the appeal and found the magistrate erred in its ruling. *Id.* In reversing the circuit court, the supreme court asserted, "Whether or not the magistrate erred in [its] ruling of law, appellant was acquitted and is now out of court. The circuit court erred by finding the State may appeal the magistrate's ruling." *Id.* at 203, 652 S.E.2d at 401.

We find *Tillinghast* controlling of the issues in the case *sub judice.* Though the parties concede Appellants cannot be retried again on the criminal zoning charges under double jeopardy principles, the circuit court found it had both subject matter jurisdiction over the issues raised in the appeal and personal jurisdiction over the Appellants. The purpose of Horry County's appeal to the circuit court was to obtain a review of the magistrate's interpretation of an Horry County zoning ordinance. Horry County posits "[w]hether the State may appeal a magistrate's order of acquittal, entered on an erroneous interpretation of law, for the limited purpose of gaining review of that error of, without seeking to retry the defendants, appears to be a muddled question in South Carolina." We disagree and find circuit courts do not possess authority to review possible legal errors of the magistrate after an acquittal. Accordingly, we reverse the circuit court's analysis regarding interpretation of Horry County Zoning Ordinance Section 1303.

## B. Advisory Opinions

Appellants asseverate by appealing a ruling it knew was not appealable, Horry County essentially asked the circuit court to render an advisory opinion on the propriety of the magistrate's rulings. We agree.

 "It is elementary that the courts of this State have no jurisdiction to issue advisory opinions." *Booth v. Grissom*, 265 S.C. 190, 192, 217 S.E.2d 223, 224 (1975); *see also Hitter v. McLeod*, 274 S.C. 616, 618, 266 S.E.2d 418, 420 (1980) ("[I]t does not ipso facto confer jurisdiction on this Court, or the court below, to render an advisory opinion, which we have repeatedly refused to do even on constitutional issues....."); *McDill v. Nationwide Mut. Ins. Co.*, 368 S.C. 29, 32, 627 S.E.2d 749, 750 (Ct.App.2006) ("[A] court is not permitted to issue advisory opinions."). A court renders an advisory opinion when commenting on an issue will have no practical effect on the outcome of the case. *See Shasta Beverages v. S.C. Tax Com'n*, 280 S.C. 48, 56, 310 S.E.2d 655, 659 (1983) ("It is not the role of this [c]ourt to advise the legislative or executive branches how to proceed, nor to render an advisory opinion on a hypothetical situation."); *Comm'r. of Pub. Works v. S.C. Dep't. of Health & Envtl. Control*, 372 S.C. 351, 641 S.E.2d 763 (Ct.App.2007) (declining to address an issue which would be merely advisory in nature); *Binkley v. Rabon Creek Watershed Conservation Dist. of Fountain Inn*, 348 S.C. 58, 76 n. 36, 558 S.E.2d 902, 911 n. 36 (Ct.App.2001) ("This court will not issue advisory opinions that have no practical effect on the outcome.").

 Other than granting Appellants' motion to dismiss and ruling on whether to award attorneys' fees and costs, the circuit court had no authority to rule upon any matter raised in Horry County's appeal. The role of the circuit court, or any state court, is not to give advice or render advisory opinions on hypothetical situations. *See Shasta Beverages*, 280 S.C. at 56, 310 S.E.2d at 659. By addressing Horry County's issues, the circuit court advised Horry County on what constitutes appropriate action under and how to interpret a county ordinance. Such a decision had no practical effect on the outcome of a contested issue because Appellants were already acquitted of the charges against them. Under

South Carolina jurisprudence, the circuit court had no authority to comment on or render a decision regarding Horry County Zoning Ordinance Section 1303.

Because we find the circuit court lacked authority, we need not address Appellant's second and third issues on appeal. *See Wilson v. Moseley,* 327 S.C. 144, 147, 488 S.E.2d 862, 864 (1997) (holding when an appellate court affirms the circuit court's grant of summary judgment on a dispositive ground, the appellate court need not address the remaining issues on appeal); *Fuller–Ahrens P'ship v. S.C. Dep't of Highways & Pub. Transp.,* 311 S.C. 177, 182, 427 S.E.2d 920, 923 (Ct.App. 1993) (declining to discuss the circuit court's grant of summary judgment on additional grounds, including res judicata, where summary judgment was being affirmed for other reasons and on different grounds); *Ringer v. Graham,* 286 S.C. 14, 20, 331 S.E.2d 373, 377 (Ct.App.1985) (determining discussion of remaining issues was unnecessary after reversing a directed verdict).

## II. Attorney's Fees and Costs

Appellants contend the circuit court erred as a matter of law by denying their motion for attorney's fees and costs pursuant to the South Carolina Frivolous Civil Proceedings Sanctions Act (the Act). Specifically, Appellants assert the County's appeal to the circuit court was reviewed as a civil proceeding because it was an appeal from a directed verdict of acquittal. We disagree.

 The determination of whether attorney's fees should be awarded under the Act is treated as one in equity, and in reviewing the award at issue this court may take its own view of the preponderance of the evidence. *Hanahan v. Simpson,* 326 S.C. 140, 156, 485 S.E.2d 903, 912 (1997); *Rutland v. Holler, Dennis, Corbett, Ormond & Garner (Law Firm),* 371 S.C. 91, 97, 637 S.E.2d 316, 319 (Ct.App.2006). " '[F]ollowing the determination of facts, an appellate court applies an abuse of discretion standard in reviewing the decision to award sanctions and the specific sanctions awarded.' " *Rutland,* 371 S.C. at 97, 637 S.E.2d at 319 (quoting *Ex parte Beard,* 359 S.C. 351, 357, 597 S.E.2d 835, 838 (Ct.App. 2004)).

Attorneys and individuals who take part in frivolous litigation may be sanctioned under the Act. *See* S.C.Code §§ 15–36–10 to –50 (2005) (amended by § 15–36–10 (Supp.2007)). The Act in effect at the time Horry County gave notice of its appeal to the circuit court, on March 9, 2005, provides: [1]

Any person who takes part in the procurement, initiation, continuation, or defense of any civil proceeding is subject to being assessed for payment of all or a portion of the attorney's fees and court costs of the other party if:

(1) he does so primarily for a purpose other than that of securing the proper discovery, joinder of parties, or adjudication of the claim upon which the proceedings are based; and

(2) the proceedings have terminated in favor of the person seeking an assessment of the fees and costs.

S.C.Code Ann. § 15–36–10.

Concomitantly, in order for a litigant to receive attorney's fees and costs under the Act, the litigant has the burden of establishing:

(1) the other party has procured, initiated, continued, or defended the *civil* proceedings against him;

(2) the proceedings were terminated in his favor;

(3) the primary purpose for which the proceedings were procured, initiated, continued, or defended was not that of securing the proper discovery, joinder of parties, or adjudication of the *civil* proceedings;

(4) the aggrieved person has incurred attorney's fees and court costs; and

(5) the amount of the fees and costs set forth in item.

S.C.Code Ann. § 15–36–40 (emphasis added). The original proceedings in magistrate court were criminal rather than civil in nature. However, Appellants argue once Horry County appealed the magistrate's findings to the circuit court, or the

---

1. The provisions of this Act are outlined in sections 15–36–10 to 15–36–50. We note that section 15–36–10 was completely revised and became effective on July 1, 2005, and sections 15–36–20 through –50 were repealed effective March 21, 2005. Because Horry County filed their motion of appeal to the circuit court on March 9, 2005, the original Act still governed the circuit court's decision. For purposes of this analysis, we reference the former version of the Act.

court of common pleas, the case was converted into a civil proceeding. We disagree.

South Carolina Rules of Civil Procedure govern "the procedure in all South Carolina courts in all suits of a civil nature whether cognizable as cases at law or in equity. . . ." Rule 1, SCRCP; *see also State v. Brown*, 344 S.C. 302, 307, 543 S.E.2d 568, 571 (Ct.App.2001) ("The scope of the South Carolina Rules of Civil Procedure is limited to 'all suits of a civil nature whether cognizable as cases at law or in equity.' "). In *State v. Brown*, a defendant appealed a magistrate's ruling on a criminal charge against him to the circuit court. *Id.* at 304, 543 S.E.2d at 569. At issue before this court was whether Brown had to serve notice of appeal on the South Carolina Department of Public Safety (SCDPS) pursuant to Rule 74, SCRCP. *Id.* at 305–06, 543 S.E.2d at 570. There, we clarified: "The dilemma . . . has arisen because criminal appeals from magistrates are heard in courts that operate under the Rules of Civil Procedure." *Id.* at 305, 543 S.E.2d at 570. Ultimately this court found Rule 74 applied only to civil actions and did not apply to Brown's appeal because his original action was criminal in nature. *Id.* at 307, 543 S.E.2d at 571.

Following *Brown*, we find Horry County's appeal to the circuit court was criminal rather than civil in nature because Appellants originally faced criminal charges before the magistrate. We hold the South Carolina Rules of Criminal Procedure rather than the South Carolina Rules of Civil Procedure apply when parties appeal a magistrate's ruling in a criminal case to the circuit court. Therefore, the Act does not apply to the proceedings concerning Appellants. The circuit court did not err by denying attorney's fees and costs pursuant to the Act.

## CONCLUSION

The circuit court violated the double jeopardy provision of the federal and state constitutions by allowing Horry County's appeal. Moreover, by addressing the issues raised by Horry County, the circuit court erroneously issued an advisory opinion. The circuit court properly denied Appellant's motion for

268

attorney's fees and costs. Accordingly, the circuit court's order is

**REVERSED IN PART AND AFFIRMED IN PART.**

HUFF and KITTREDGE, JJ., concur.